S01A0020. MOTLEY v. THE STATE.

(546 SE2d 468)

BENHAM, Chief Justice.

Appellant Michael Jerome Motley was sentenced to life imprisonment after he entered a guilty plea to the charge of malice murder lodged against him in connection with the fatal shooting of Nitinku-

mar Patel in Colquitt County.[1] Appellant timely filed a notice of appeal and contends on appeal that the trial court erred in accepting the guilty plea because his failure to give a verbal response to two of the questions put to him by the trial court indicates his plea was not knowing, intelligent, or voluntary.[2]

The transcript of the guilty plea hearing reveals that the appellant was made aware of and acknowledged, either verbally or by nodding his head affirmatively, that by pleading guilty he was waiving the rights and privileges listed in Uniform Superior Court Rule 33.8 (B), including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront his accusers. See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969); USCR 33.8 (B). The trial court further told appellant, and appellant affirmatively acknowledged, that the crime to which he was pleading guilty carried a mandatory penalty of life imprisonment. USCR 33.8 (C) (2). The assistant district attorney informed the trial court of the factual basis of the plea (USCR 33.9) and, after acknowledging the truth of the ADA's summary of the factual basis of the crime, appellant entered his guilty plea verbally and by signing the back of the indictment.

In *Boykin v. Alabama*, 395 U. S. at 242, the U. S. Supreme Court determined it is error for a trial court to accept a guilty plea "without an affirmative showing that [the plea] was intelligent and voluntary[,]" and reminded trial courts of the need "to make sure [the accused] has a full understanding of what the plea connotes and of its consequence" in order to leave "a record adequate for any review that may be later sought." Id. at 244. When a defendant challenges on

---

[1] The victim was shot three times in the chest with a Lorcin .380 caliber handgun on July 9, 1999. Appellant was charged with the malice murder, felony murder (armed robbery), armed robbery, theft by taking a motor vehicle, and possession of a firearm during the commission of a crime in an indictment returned by a Colquitt County grand jury on September 21, 1999. At a hearing held on June 5, 2000, appellant withdrew his plea of not guilty to all the charges and entered a guilty plea to malice murder. Appellant was sentenced to life imprisonment on June 5, and a nolle prosequi was entered with regard to the remaining charges on the same day. On June 9, trial counsel was relieved as attorney of record and appellate counsel was appointed. A notice of appeal was timely filed on July 5, and the appeal was docketed in this Court on September 13, 2000. It was submitted for decision on the briefs.

[2] The transcript is as follows:

THE COURT: . . . Let me first tell you, Mr. Motley, that you do have a right to remain silent thereby not incriminating yourself in any manner. This means simply not giving any evidence against yourself. Do you understand that? MR. MOTLEY: (Nods head affirmatively) THE COURT: In addition, by law you are presumed to be innocent of all of the charges contained in this bill of indictment. Do you understand that? MR. MOTLEY: (Nods head affirmatively).

Thereafter, the trial court asked appellant to "speak just a little bit louder" in order that the court reporter could get appellant's responses on the record. Appellant gave verbal responses to the trial court's inquiries that followed.

direct appeal the validity of the guilty plea he entered in the trial court, the State has the burden of demonstrating, by means of the record of the guilty plea or by means of extrinsic evidence, that the plea was intelligently and voluntarily entered. *Cazanas v. State*, 270 Ga. 130, 131 (508 SE2d 412) (1998). In the case at bar, the State opted to carry its burden by showing on the record of the guilty plea hearing that appellant was cognizant of the rights he was waiving and the consequences of the plea. Id.; *King v. State*, 270 Ga. 367 (1) (509 SE2d 32) (1998). The guilty plea transcript showing that appellant was informed of the rights he was waiving by pleading guilty and that appellant gave affirmative responses, whether by words or by action, to inquiries concerning his understanding of the consequences of a guilty plea, provides the reviewing court with a record which shows that appellant understood the nature of the charges against him and the consequences of the entry of a guilty plea, and that the plea was not induced by coercion. Consequently, we disagree with appellant's contention that his failure to give a verbal response while nodding his head affirmatively indicates that his plea was not knowing, intelligent, and voluntary, and we affirm the judgment of conviction entered on the guilty plea.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Kirbo & Herndon, David S. Herndon*, for appellant.

*J. David Miller*, District Attorney, *Marsha G. Boniface, Andrew W. Pope*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Adam M. Hames*, Assistant Attorney General, for appellee.

---

[3] In *Nash v. State*, 271 Ga. 281, 283-285 (519 SE2d 893) (1999), a case involving the burden of proving the validity of a prior guilty plea used to enhance punishment for a recidivist defendant, we endorsed Louisiana's allocation of the burden of proof by quoting from *State v. Shelton*, 621 S2d 769, 779-780 (La. 1993). The adoption of the burden of proof set forth in *Shelton* was not an adoption of Louisiana's requirement, if any, that a guilty plea must be made "with an *articulated waiver* of the three *Boykin* rights." (Emphasis supplied.)