## A03A1982. COOK v. THE STATE.
(585 SE2d 743)

BLACKBURN, Presiding Judge.

Following the trial court's denial of his motion for an out-of-time appeal and motion to withdraw his guilty plea to two counts of aggravated assault and one count of possession of a firearm by a convicted felon, James D. Cook appeals, contending that the trial court abused its discretion. For the reasons set forth below, we affirm.

The record shows that Cook pled guilty to two counts of aggravated assault and one count of possession of a firearm by a convicted felon on July 29, 1996. Almost seven years later, on May 9, 2003, Cook filed a motion for an out-of-time appeal and a motion to withdraw his guilty plea, contending in both motions that he had received ineffective assistance of counsel. The trial court denied both motions.

1. Cook contends that the trial court erred by denying his motion for an out-of-time appeal. We disagree.

> An out-of-time appeal is available to a defendant who enters a guilty plea only if the issue on appeal is capable of resolution by reference to facts on the record. *Grantham v. State*.[1] Appellant contends he did not file a timely appeal due, in part, to the ineffective assistance of his counsel. In support of this claim, appellant relies upon events, statements, and omissions occurring outside the hearing which are not reflected in the plea transcript or the record on appeal. Accordingly, an out-of-time appeal is not mandated because "the issues which appellant seeks to raise cannot be resolved by reference to facts contained in the record." *Grantham*, supra at 636. Appellant must pursue habeas corpus as his remedy. See id.; *Caine v. State*.[2]

*Johnson v. State*.[3]

2. Cook also contends that the trial court erred by denying his motion to withdraw his guilty plea. Again, we disagree.

> "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." *Henry v. State*.[4] [Cook] was sentenced on [July 29, 1996]; his motion to withdraw was filed on [May 9, 2003], after [at least 12] terms of court had

---

[1] *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).
[2] *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).
[3] *Johnson v. State*, 275 Ga. 390, 391 (1) (565 SE2d 805) (2002).
[4] *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998).

passed. See OCGA § 15-6-3 [(14) (B)]. The only means available to [Cook] to withdraw his guilty plea is through habeas corpus proceedings. *Downs v. State*;[5] *Henry*, supra.

*Davis v. State*.[6]
*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JULY 17, 2003.

James D. Cook, *pro se.*
Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney, for appellee.

