## A04A0226. McMILLIAN v. THE STATE.
(598 SE2d 371)

JOHNSON, Presiding Judge.

Corrie McMillian was charged with aggravated child molestation. Pursuant to a negotiated plea agreement, the state reduced the charge to child molestation and recommended a ten-year sentence to be served concurrently with another sentence that McMillian was already serving. McMillian pled guilty to the reduced charge.

At the plea hearing on August 28, 2001, the Telfair County Superior Court determined on the record that McMillian understood the nature of the charge, that he understood the rights he was waiving by pleading guilty, that he understood the terms of the negotiated plea agreement, that he was entering his plea knowingly and voluntarily, and that there was a factual basis for the plea. The trial court accepted McMillian's guilty plea and the state's recommendation of a ten-year sentence to run concurrently with the sentence he was already serving.

More than five months later, on February 3, 2002, McMillian filed a motion for an out-of-time appeal, claiming that the trial court erred in failing to inform him that he had the right to withdraw his guilty plea prior to the imposition of a sentence. The trial court denied the motion. McMillian appeals from that denial.

McMillian contends that he is entitled to an out-of-time appeal based on the trial court's erroneous failure, under Uniform Superior Court Rule 33.11 (D), to inform him of his right to withdraw his guilty plea prior to the pronouncement of the sentence. We note that at the plea hearing McMillian never indicated any desire to withdraw his guilty plea.[1] Moreover, the record contains no motion by McMillian to withdraw his guilty plea. Even the motion for an out-of-time appeal and McMillian's appellate brief do not state that he seeks to withdraw his guilty plea. Thus, while McMillian asks for an out-of-time appeal, he does not expressly state what relief he seeks from such an appeal.

Nevertheless, even if we assume that he implicitly seeks to withdraw his guilty plea, he is not entitled to such relief from the trial court. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea."[2] Here, McMillian was sentenced pursuant to his guilty plea in the Telfair County Superior Court on August 28, 2001. In Telfair County, the terms of court begin on the third Monday in March and August, and the first Monday in November.[3] Since McMillian did not file his motion implicitly seeking to withdraw his guilty plea until February 2002, the term of court in which he was sentenced had expired. Thus, the only means available to him to withdraw his guilty plea is a habeas corpus proceeding.[4]

Moreover, the substantive premise of McMillian's motion and appeal — that the trial court erred in failing to inform his of his right to withdraw his guilty plea — is without merit. "USCR 33.10 and 33.11 (D) both relate to the requirement that the trial court inform a defendant that he has a right to withdraw his guilty plea before sentence is pronounced *if the trial court intends to reject a negotiated plea agreement*."[5] In the instant case, the trial court did not reject the negotiated plea agreement, but in fact accepted it. The trial court therefore was not required to inform McMillian of his right to withdraw his plea before the sentence was pronounced. Accordingly, McMillian has shown no error and the trial court correctly found no basis for an out-of-time appeal.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[1] See generally *Isaac v. State*, 237 Ga. App. 723, 727 (3) (516 SE2d 575) (1999).

[2] (Citation and punctuation omitted.) *Cook v. State*, 262 Ga. App. 446 (2) (585 SE2d 743) (2003).

[3] OCGA § 15-6-3 (29) (E).

[4] *Cook*, supra at 447 (2).

[5] (Emphasis in original.) *Johnson v. State*, 242 Ga. App. 89, 91 (1) (b) (528 SE2d 861) (2000).

DECIDED APRIL 2, 2004.

Corrie McMillian, *pro se.*

Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney, for appellee.