## A05A1671. STORCH v. THE STATE.
### (625 SE2d 70)

RUFFIN, Chief Judge.

On May 5, 2004, Mark Allen Storch pleaded guilty in the Superior Court of Cobb County to aggravated assault with intent to commit rape. Storch timely appealed his conviction on June 3, 2004, questioning the validity of his guilty plea. That same day, he filed a motion to withdraw his plea, as well as a motion to allow an out-of-time motion to withdraw the plea. The trial court dismissed both motions for lack of subject matter jurisdiction. Storch then amended his notice of appeal to include those dismissals in this appeal. For reasons that follow, we affirm.

1. Storch claims that the trial court erred in accepting his guilty plea because it was not knowingly, intelligently, and voluntarily made, and he never admitted his guilt. "When a defendant challenges on direct appeal the validity of the guilty plea he entered in the trial court, the State has the burden of demonstrating, by means of the record of the guilty plea or by means of extrinsic evidence, that the plea was intelligently and voluntarily entered."[1] We will not set aside

---

[1] *Motley v. State*, 273 Ga. 732, 733-734 (546 SE2d 468) (2001).

a trial court's determination that the defendant intelligently and voluntarily pleaded guilty unless that determination is clearly erroneous.[2]

In this case, the State points to the transcript of the guilty plea hearing as evidence of Storch's intelligent and voluntary plea. At the hearing, Storch pleaded guilty to aggravated assault with intent to commit rape and possession of cocaine, which was part of a separate indictment. Both pleas were negotiated, and, as part of the negotiation, the State agreed to enter a nolle prosequi on several other charges associated with the aggravated assault.

The trial court questioned Storch at the hearing, describing Storch's rights and asking whether Storch understood that he would waive those rights by pleading guilty. Storch testified that he understood his rights and had elected to give them up by pleading guilty. The trial court also discussed the sentence to be imposed as part of the negotiated plea agreement, and Storch stated that he understood the sentence.

At that point, defense counsel informed the trial court that Storch intended to plead guilty to aggravated assault with intent to rape pursuant to *North Carolina v. Alford*.[3] Storch asserted that he was not guilty of the crime, but wanted to plead guilty "as advised by counsel." He stated that no one had coerced or threatened him, that he had discussed his case with his attorney, and that he was satisfied with his attorney's representation. He also testified that he had freely chosen to plead guilty "[a]fter being advised of all the possibilities and after having an opportunity to discuss the case with [his] attorney." The State then described the evidence that would be presented against Storch. Although Storch denied that the events happened as proffered by the State, he again stated that he wanted to plead guilty to avoid recidivist prosecution on the drug charge. According to Storch, the guilty plea was in his "best interest."

The trial court found that a factual basis existed for the plea and that Storch had freely and voluntarily elected to plead guilty. It orally imposed sentence, then asked Storch whether he had any questions. Storch responded: "I feel like I was forced to take this plea." The trial court inquired whether Storch felt "forced because of the circumstances that [he] personally [was] in with a drug record and the fact that it could be a lot worse," and Storch stated: "I guess so." The trial court reiterated that a factual basis supported the plea and commented that the plea would not be withdrawn at that point because "[i]t [was] completed."

---

[2] See *Brown v. State*, 253 Ga. App. 81, 82 (558 SE2d 61) (2001).

[3] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

(a) Storch claims that the trial court erred in entering his guilty plea because he never admitted his guilt. Under *Alford*, however, the trial court may accept a guilty plea from a defendant who professes innocence "if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence."[4]

In this case, the State described in detail the evidence that would be presented against Storch, including testimony from the victim, medical evidence, and physical evidence. The trial court found this factual presentation sufficient. And it concluded that, in pleading guilty despite claiming innocence, Storch chose to avoid a trial and a potentially harsher sentence in favor of the negotiated plea, which included a nolle prosequi on five charges.

The record shows that the trial court inquired into the factual basis for the plea and resolved the conflict between Storch's claims of innocence and his decision to plead guilty.[5] Accordingly, the trial court did not err in accepting the plea without an admission of guilt.[6]

(b) Storch also argues that he did not knowingly and voluntarily plead guilty to aggravated assault with intent to rape. As noted above, however, the trial court informed Storch of the rights he would be waiving by entering his plea, and Storch stated that he wished to give up those rights. The trial court also discussed with Storch the aggravated assault charge, as well as the negotiated sentence. And upon questioning from the trial court, Storch testified that he was 45 years old, had completed law school, understood the trial court's questions, understood the charge and the sentence, had not been coerced or threatened to enter the plea, had conferred with his attorney, was satisfied with his attorney's representation, and had freely decided to plead guilty. Under these circumstances, the trial court did not err in finding the plea to be intelligent and voluntary.[7]

2. Storch contends that the trial court erred in failing to inform him prior to sentencing that he was entitled to withdraw his guilty plea. It is true that an accused has an absolute right to withdraw a

---

[4] *Duque v. State*, 271 Ga. App. 154 (1) (608 SE2d 738) (2004).

[5] See id. at 157 (1).

[6] See *Whitesides v. State*, 266 Ga. App. 181, 187 (3) (596 SE2d 706) (2004); *Brower v. State*, 230 Ga. App. 125, 125-126 (1) (495 SE2d 600) (1998). Compare *Minchey v. State*, 155 Ga. App. 632, 633 (1) (271 SE2d 885) (1980) (reversing conviction entered after *Alford* plea because trial court failed to resolve conflict between claim of innocence and guilty plea).

[7] See *Hart v. State*, 272 Ga. App. 754, 755-756 (1) (613 SE2d 107) (2005); *Isaac v. State*, 237 Ga. App. 723, 726 (2) (516 SE2d 575) (1999).

guilty plea before "judgment is pronounced."[8] The trial court, however, is only obligated to inform the defendant personally of this right if it intends to reject a negotiated plea agreement.[9] In this case, the trial judge *accepted* the negotiated agreement and thus was not required to tell Storch about his right to withdraw the plea.[10]

3. Again focusing on the right to withdraw a plea before sentencing, Storch claims that "the trial court should have allowed him to withdraw his guilty plea prior to the court[']s pronounced sentence." But Storch never moved to withdraw his plea before sentencing, which occurred when the trial court orally announced the sentence.[11] In fact, the record shows that he did not move to withdraw the plea until June 6, 2004, *after* the term of court in which he entered his plea had expired.[12] Under these circumstances, the trial court lacked jurisdiction to consider the motion.[13]

Moreover, Storch filed his notice of appeal on the same day that he moved to withdraw the plea. Such action also deprived the trial court of jurisdiction to consider the motion.[14] Accordingly, the trial court had no authority to permit withdrawal of the plea.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 12, 2005.

*Louis M. Turchiarelli*, for appellant.

---

[8] OCGA § 17-7-93 (b). See also *Brown v. State*, 261 Ga. App. 448, 450 (2) (582 SE2d 588) (2003).

[9] See *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980); *McMillian v. State*, 266 Ga. App. 749, 750 (598 SE2d 371) (2004).

[10] See id.

[11] *Brown*, supra, 261 Ga. App. at 450 ("Orally announcing the sentence constitutes . . . a pronouncement [of judgment] under [OCGA § 17-7-93 (b)] and ends [the] absolute right [to withdraw a guilty plea]."). Storch apparently contends that the trial court deprived him of his right to withdraw his plea when it commented that the "completed" plea would not be withdrawn. Storch, however, did not ask to withdraw his plea at that point. Furthermore, the trial court had already announced his sentence, thus terminating his absolute right to withdraw the plea. See id.

[12] See OCGA § 15-6-3 (11) (terms of court for the Superior Court of Cobb County commence on the second Monday in January, March, May, July, September, and November).

[13] See *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002) (" 'It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea.' ").

[14] See *Isaac*, supra at 726-727 (3) (filing of notice of appeal from judgment of conviction entered following a guilty plea deprives the trial court of jurisdiction to consider a pending motion to withdraw the plea).

*Patrick H. Head, District Attorney, Amanda E. Persons, Amy H. McChesney, Assistant District Attorneys*, for appellee.