A08A2302. DAVIS v. THE STATE.
(673 SE2d 19)

MIKELL, Judge.
Jerry Nelson Davis appeals the trial court's order denying his motion to withdraw his negotiated guilty plea to two counts of theft

---

by taking and four counts of burglary. Davis was sentenced to a total of 40 years, 20 to serve and 20 on probation. On appeal, Davis contends that his plea was not knowingly, intelligently, and voluntarily entered because he asked the court to appoint a new attorney to represent him on appeal before entering the plea. We affirm, concluding that the trial court did not abuse its discretion in refusing to allow Davis to withdraw his plea.

"After sentence is pronounced, a guilty plea may be withdrawn only to correct a manifest injustice."[1] In addressing the motion to withdraw the plea, "the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[2] Because a ruling on a defendant's motion to withdraw a guilty plea lies within the trial court's sound discretion, we will not disturb a trial court's refusal to permit withdrawal of the plea absent a manifest abuse of that discretion.[3]

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea.[4]

In the case at bar, the trial court did not abuse its discretion in denying Davis's motion to withdraw the plea because the state met its burden by showing from the record that Davis was cognizant of the rights he was waiving and of the possible consequences of his plea. The transcript of the guilty plea hearing, at which Davis was represented by counsel, reveals that Davis informed the court that he was 48 years old; that he had informed his attorney of all the facts and circumstances surrounding all of his cases, including a pending probation revocation; that he could read and write and had completed college; and that he had reviewed the waiver of rights form with counsel, who answered all of his questions about his constitutional rights and about the minimum and maximum sentences involved. Davis also stated that he understood that he could be sentenced to 110 years on the theft and burglary charges plus 30

---

[1] (Footnote omitted.) *Brown v. State*, 280 Ga. App. 767, 772 (2) (634 SE2d 875) (2006).

[2] (Citations and punctuation omitted.) *Schlau v. State*, 282 Ga. App. 460, 461 (1) (638 SE2d 895) (2006).

[3] *Rocha v. State*, 287 Ga. App. 446, 449 (2) (651 SE2d 781) (2007).

[4] (Citation and footnote omitted.) *Brown v. State*, 259 Ga. App. 576, 577 (578 SE2d 188) (2003).

years on a felony charge of manufacturing marijuana. Davis told the court that he was not under the influence of any alcohol or drugs, except for certain medications prescribed to treat psychological problems and cancer, which did not affect his ability to understand the proceedings. Davis further stated that no one had threatened him, coerced him, or promised him easier treatment or a lesser sentence to cause him to plead guilty. In answer to the court's questions, defense counsel stated that in his opinion, Davis understood both the charges and the proceedings, and his medications did not interfere with his comprehension. The court outlined all of the rights Davis would be waiving upon his entry of a guilty plea, including the right to a trial by jury and other attendant rights, and Davis stated that he understood. When the court asked Davis whether he had any questions, the following colloquy ensued:

> THE DEFENDANT: Yes, sir, I do. I would like to ask you to appoint me an appeal attorney. I would like Mr. Moffitt not [to] do my appeal, I'll ask you to appoint me an attorney for my appeals.
> THE COURT: Well, we haven't gotten to that stage yet. That was the only question?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you have any questions about entering a plea of guilty here today?
> THE DEFENDANT: No, sir, I understand that.
> THE COURT: . . . I want to be very clear about this, are you satisfied with the services your attorney has rendered to you?
> THE DEFENDANT: I really can't answer that.
> THE COURT: Well, I'm asking you that. . . .
> THE DEFENDANT: Yes, I am, sir.
> THE COURT: You are satisfied that he's done everything that he can for you?
> THE DEFENDANT: Yes, sir.
> THE COURT: He's answered all your questions?
> THE DEFENDANT: Yes, sir.
> THE COURT: And he's given you the legal advice that you have accepted and going ahead with your plea of guilty here?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right.

The prosecutor then read the charges and the recommended sentence for each offense. Davis stated that he understood the

recommendation of 20 years in prison followed by 20 years on probation. The state also indicated that it would allow Davis to be sentenced as a nonrecidivist. Davis then asked whether, on the theft charges, the sentence was ten years to serve, then ten years on parole. The state clarified that both sentences would be served, for a total term of 20 years. Davis again verified that he understood the sentence; that his plea was freely and voluntarily made; and that he was pleading guilty because he was, in fact, guilty of each of the offenses. The prosecutor then stated what he expected the evidence to show as to each offense. The court inquired, "Is that what you did, Mr. Davis?" He responded that "some of it is absolutely true . . . some of it is not." Davis explained that some of the details were not "exactly right," but they would not change the outcome, and he declined further comment. Davis also apologized to the court and explained that he had committed the offenses after he stopped taking his medication for his psychological problems. After further inquiry, Davis agreed that the state would be able to prove at trial what it had outlined in court. The trial court then accepted Davis's plea. Finally, the court explained Davis's right to appeal his sentence. Davis stated that he wished to appeal, and the court appointed a new attorney to represent him.

At the hearing held on the motion to withdraw the plea, Davis argued, as he does on appeal, that he did not make a voluntary, knowing and intelligent plea because he asked the court to appoint him a different attorney to handle his appeal prior to entering the plea. Davis contends that "he was indirectly declaring that he no longer wished to plead guilty," and that the trial court was obligated to ask Davis if he wished to withdraw his plea. This argument is unpersuasive.

A trial court is obligated to inform the defendant of the right to withdraw a plea only if the court intends to reject a negotiated plea agreement.[5] Where, as here, the trial judge accepted the negotiated agreement, he was not required to inform Davis about his right to withdraw the plea.[6] Moreover, considering the colloquy between Davis and the trial court in context, it is clear that Davis merely wanted to ensure that the judge would appoint new counsel to handle his appeal. At no time during the course of the proceedings did he express any doubts about entering a plea. As noted above, the trial court informed Davis of the rights he would be waiving by entering his plea, required the prosecutor to review the state's evidence as to each charge, carefully answered all of Davis's ques-

---

[5] *Storch v. State*, 276 Ga. App. 789, 791-792 (2) (625 SE2d 70) (2005).
[6] Id.

tions regarding the negotiated sentence, and explained his appeal rights. Upon questioning from the trial court, Davis stated that he understood that he was waiving his rights, had completed college, fully comprehended the proceedings although he was taking medication, understood the trial court's questions, understood the charge and the sentence, had not been coerced or threatened to enter the plea, had conferred with his attorney, was satisfied with his attorney's representation for the purpose of the plea hearing, and had freely decided to plead guilty. The state satisfied its burden of demonstrating that the plea was intelligently and voluntarily entered.[7]

As Davis correctly observes, in evaluating whether a plea is voluntary, "the determinative issue is whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to [the defendant]."[8] At the withdrawal hearing, the attorney who represented Davis at the plea hearing testified that Davis could have been sentenced as a recidivist to serve 150 years; that the plea offer of 40 years to serve 20 was a "gift"; and that Davis never expressed dissatisfaction with the sentence before he entered the plea. Davis testified that he was well aware that absent the negotiated agreement, he could have been sentenced to serve 150 years without the possibility of parole; that he had informed plea counsel that he was guilty; and that he was a recidivist before the charges at issue arose, having been convicted of three prior felonies. "The record supports a determination that [Davis's] guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him."[9] Given that Davis would have faced more than an additional 100 years in prison had he been tried, convicted on all counts, and sentenced as a recidivist, we conclude that the withdrawal of his plea is not necessary to correct a manifest injustice.[10] It follows that the trial court did not abuse its discretion in denying Davis's motion to withdraw his plea.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 22, 2009.

*Jennifer E. Hildebrand*, for appellant.

---

[7] See id. at 791 (1) (b).

[8] (Citation and punctuation omitted.) *England v. State*, 232 Ga. App. 842, 843 (1) (502 SE2d 770) (1998).

[9] (Footnote omitted.) *Henry v. State*, 284 Ga. App. 439, 441 (2) (644 SE2d 191) (2007).

[10] See *Brown*, supra, 280 Ga. App. at 773 (2).

*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.