**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 18, 2018**

# In the Court of Appeals of Georgia

A17A1546. PHOL SA LAM v. THE STATE.

RICKMAN, Judge.

Phol Sa Lam, a Vietnamese citizen and lawful permanent resident of the United States, appeals from the trial court's denial of his motion seeking to vacate and declare void a negotiated guilty plea agreement. Although Lam was sentenced under the provisions of Georgia's First Offender Act[1] and was discharged without an adjudication of guilt after successfully fulfilling the terms of his sentence, the Immigration and Naturalization Service of the United States Department of Justice[2]

---

[1] See OCGA § 42-8-60 (e) (1) ("A defendant sentenced pursuant to this article shall be exonerated of guilt and shall stand discharged as a matter of law as soon as the defendant . . . [c]ompletes the terms of his or her probation . . .").

[2] Although the Notice, issued in 2007, indicated it was sent from INS, INS was merged into the U. S. Immigration and Customs Enforcement agency ("ICE") in conjunction with the Homeland Security Act of 2002. See 6 U. S. C. § 542.

nevertheless issued a notice informing Lam that he was subject to removal from the United States (the "Notice"). For the following reasons, we affirm the trial court's determination that the federal government's position that Lam remains subject to removal does not render void his plea agreement and discharged first offender sentence.

The undisputed facts are as follows. After agreeing to accept a negotiated guilty plea in 2006 to the charges of aggravated assault, theft by receiving stolen property, and possession of tools for the commission of a crime, Lam was sentenced as a first offender to serve 90-120 days in the boot camp program, followed by five years probation. Lam successfully fulfilled the terms of his sentence and probation, and the trial court thereafter issued an order discharging him without an adjudication of guilt and exonerating him of any criminal purpose in accordance with the provisions of the First Offender Act.

Nevertheless, despite Lam's discharge and exoneration under Georgia law, the federal government issued the Notice declaring that Lam was subject to removal from the United States on the ground that he had been "convicted" of aggravated assault and theft by receiving stolen property in violation of the federal Immigration and Nationality Act (INA). See 8 U.S.C. §1101 et seq. The INA provides that any "[a]ny

2

alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. §1227 (a) (2) (A) (iii).[3] Further, it includes both "a crime of violence"[4] and "a theft offense (including receipt of stolen property)" in its definition of "aggravated felony," see 8 U.S.C. 1101 (a) (43) (F), (G), and broadly defines the term "conviction" as

> a formal judgment of guilt . . . entered by a court or, if adjudication of guilt has been withheld, where . . . the alien has entered a plea of guilty or . . . has admitted sufficient facts to warrant a finding of guilt, and . . . the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

See 8 U.S.C. 1101 (a) (48) (A).

Lam filed a motion in the superior court seeking to vacate his plea agreement and sentence, contending that he relied to his detriment on the agreement and did not

---

[3] The 2007 Notice referenced 8 U.S.C. § 237 (a) (2) (A) (iii) as the applicable immigration statute, and indicated that the criminal definitions were located in 8 U.S.C. § 1101 (a) (43) (F), (G); however, the current version of the immigration statute is located at 8 U.S.C. § 1227 (a) (2) (A) (iii), with the definitions located in 8 U.S.C. 1101 (a) (43) (F), (G). The language of the amended statutes at issue in this case is identical to that of the language in effect in 2007. For the sake of clarity, this opinion refers to the current versions of the statutes.

[4] But see *Golicov v. Lynch*, 837 F.3d 1065, 1072-1075 II (E) (10th Cir. 2016) (cert. denied) (holding that the INA's definition of "crime of violence" is unconstitutionally vague).

achieve the benefit of the bargain in light of the federal government's removal order. The trial court denied the motion and this appeal follows.

1. Lam argues that the trial court erred in holding that he did not rely to his detriment on the first offender terms of his sentence. Specifically, the trial court held that although it granted Lam's request to sentence him as a first offender, first offender treatment was never a part of the negotiated plea itself or promised by the State in return for Lam's plea of guilty.

A review of the plea hearing transcript shows that first offender treatment was not included in the State's initial recitation of the terms of the negotiated plea; indeed, the issue was not raised until the trial court inquired about it after reviewing with Lam the waiver of his constitutional rights. It follows that the record supports the trial court's finding that Lam did not rely to his detriment on being sentenced under the First Offender Act when he agreed to plead guilty.[5] See generally *Davis v. State*, 295 Ga. App. 623, 624 (673 SE2d 19) (2009) (noting that, upon appellate review of a guilty plea, "the trial court is the final arbiter of all factual disputes raised by the

---

[5] This opinion makes no comment on the effectiveness of Lam's trial counsel and/or whether Lam was adequately informed of the immigration consequences of his guilty plea, as those issues are not before this Court.

evidence[;] [i]f evidence supports the trial court's findings, we must affirm") (citation and punctuation omitted).

2. Lam further argues that the trial court erred in concluding that he received the benefit of his bargain under the plea agreement. He contends specifically that because his plea resulted in a conviction under the INA as that term is defined by the federal statute, the trial court was unable to exonerate him of guilt and discharge him as agreed.

The First Offender Act, however, is a function of Georgia law. See OCGA § 42-8-60 et seq. In accordance with the provisions of that Act, the trial court issued an order declaring Lam discharged under Georgia law without an adjudication of guilt or a criminal conviction, and exonerated him of any criminal purpose. See OCGA § 42-8-60 (e), (i). The trial court further directed that Lam's discharged plea shall not affect his civil rights or liberties or disqualify him from any application for employment or appointment to office. See id; OCGA § 42-8-63. Thus, the trial court fully complied with the requirements of the First Offender Act.[6] See id.

---

[6] For this same reason, we reject Lam's contention that specific performance and/or the doctrine of promissory estoppel have any application to this case.

That Congress elected to adopt such a broad definition of "conviction" in the INA is an issue of public policy that falls squarely within its domain. See generally *Kleindienst v. Mandel*, 408 U. S. 753, 766 (V) (92 SCt 2576, 33 LEd2d 683) (1972). It does nothing to render void Lam's guilty plea under Georgia's First Offender Act. See generally *Ali v. U.S. Atty. Gen.*, 443 F.3d 804, 810 (III) (B) (1) (11th Cir. 2006) ("[A] state conviction is a conviction for immigration purposes, regardless of whether it is later expunged under a state rehabilitative statute, so long as it satisfies the requirements of [8 U.S.C.] § 1101(a) (48) (A).") (citation and punctuation omitted)*; Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262, 1268 (II) (A) (11th Cir. 2004) ("[T]he statutory definition [of "conviction" in the INA] on its face appears to negate for immigration purposes the effect of state rehabilitative measures that purport to expunge or otherwise remove a conviction.").

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur.*