A99A1747. PIRKLE v. THE STATE.
(522 SE2d 526)

ELDRIDGE, Judge.

Appellant Hugh Carl Pirkle appeals from the Superior Court of Paulding County's denial of a motion to withdraw his guilty plea. He entered such plea to charges of aggravated stalking, kidnapping, two counts of aggravated assault, armed robbery, and burglary, which charges arose from a series of acts he perpetrated primarily against his estranged wife, Jennifer Pirkle. Appellant was sentenced in a

concurrent fashion to a total of twenty years, serve ten, balance probated.

On appeal, appellant does not challenge the knowing and voluntary nature of the plea proceeding, itself, but argues instead that the entry of his plea was based upon a *Brady*[1] violation and an instance of prosecutorial misconduct, thus rendering the entry of the plea fundamentally unfair. We have reviewed the evidentiary basis for appellant's motion to withdraw his guilty plea and affirm the ruling of the trial court.

1. Appellant contends that the entry of his plea was predicated upon a *Brady* violation in that the district attorney allegedly denied appellant exculpatory evidence which would have altered his decision to enter a guilty plea had he received such evidence. The exculpatory evidence appellant claims was denied to him is described in a sworn affidavit given by Jennifer Pirkle, the victim, several months after the entry of appellant's guilty plea. In her affidavit, Jennifer Pirkle declared that she did not make the statements upon which appellant's prosecution was based and which were credited to her by the police; that another eyewitness, her mother, was lying about acts appellant allegedly perpetrated against Ms. Pirkle; that the police threatened to put her in jail if she contacted appellant in order to tell him that his prosecution was based upon false statements; and that, prior to the entry of the plea, she told the district attorney that the charges against appellant were based upon false statements wrongly attributed to her. Appellant's additional claims of prosecutorial misconduct are also described in Jennifer Pirkle's affidavit, as Ms. Pirkle declared therein that the district attorney would not permit her to contact appellant's defense attorney regarding the false statements, even though she asked to do so; and that the district attorney did not inform her of the date of appellant's sentencing hearing, even though she asked to be present.

During the hearing on the motion to withdraw the guilty plea, appellant's defense attorney called Jennifer Pirkle to the stand. At that time, however, Ms. Pirkle testified that her affidavit which provided the basis for appellant's motion to withdraw was completely false; that her initial statements to the police regarding appellant's criminal acts toward her were, in fact, true; that her mother was telling the truth about the criminal acts appellant perpetrated against Ms. Pirkle; that she never told the district attorney that the charges against appellant were based on false statements; and that she made the statements in the affidavit only because she "felt sorry" for appellant and was being pressured by his family. In addition, Jennifer

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

Pirkle testified at the motion hearing that the district attorney had not refused to allow her to contact appellant's defense attorney; that she made the decision, herself, not to talk to appellant's defense attorney; and that she had not told the district attorney that she wished to be present at appellant's sentencing hearing.

Following the hearing on the motion, the trial court found that there was no credible evidence which demonstrated either a *Brady* violation or prosecutorial misconduct so as to warrant the withdrawal of appellant's properly entered guilty plea.

Once sentence is pronounced, "a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion." (Citation and punctuation omitted.) *Wilcox v. State*, 236 Ga. App. 235, 236 (511 SE2d 597) (1999). Based on the record before us, including Jennifer Pirkle's retraction of her recantation, we find no abuse of discretion in the trial court's determination that no credible evidence supported appellant's motion to withdraw his guilty plea.

2. With a few limited exceptions not applicable here, a plea of guilty generally waives all defenses except those based upon the knowing and voluntary nature of the plea. *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994). Once a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not thereafter raise independent claims that occurred prior to the entry of his guilty plea. *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977). Accordingly, appellant's independent claims regarding the State's alleged violations of statutory discovery procedures are waived by the entry of his guilty plea.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 13, 1999.

*James M. Allison, Jr.*, for appellant.

*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.