## A00A0232. ELLIS v. THE STATE.
(533 SE2d 451)

PHIPPS, Judge.

Fritz Ellis was indicted for armed robbery, aggravated assault, hijacking a motor vehicle, entering a motor vehicle with intent to commit theft, and theft by taking a motor vehicle. On March 24, 1999, he pled guilty under *North Carolina v. Alford*[1] to armed robbery, entering a motor vehicle with intent to commit theft, and theft by taking a motor vehicle. The remaining charges were nolle prossed. On April 22, Ellis filed a timely notice of appeal. He asserts that the trial court committed procedural error by the manner in which it accepted his plea. We find no error and affirm Ellis's convictions.

Ellis asserts that the trial court erred by not attempting to

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

resolve the conflict between his guilt and innocence and by failing to determine on the record whether he intelligently concluded his interests were served by entering an *Alford* plea. Ellis also asserts that the plea hearing record does not "strongly evidence[ ] [his] guilt."[2]

Under *Alford*, a guilty plea may be accepted from a defendant who claims innocence "when the defendant intelligently concludes it is in his best interest and the judge has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. [Cit.]"[3] At Ellis's plea hearing, the prosecutor read the indictment into the record to provide the court with a factual basis for the plea, and Ellis affirmed that he was pleading guilty to the charges read. Because the reading of "the indictment provided ample information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charges to which [Ellis] was pleading guilty," a sufficient factual basis was presented.[4]

Moreover, the court expressly found there was a factual basis for the plea. By investigating the factual basis for the plea and determining that one existed despite Ellis's unwillingness to admit guilt, the court did attempt to resolve the possibility of a conflict between Ellis's plea and his guilt or innocence.[5]

As to voluntariness and intelligence, *Alford* pleas are judged by the same standard as routine guilty pleas — "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Cits.]"[6] Here, the trial court expressly found that Ellis entered his plea "freely and voluntarily, knowingly and intelligently." The record supports a determination that Ellis's guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him.[7]

Ellis pled pursuant to a negotiated plea agreement. Before he pled, the prosecutor read to him the indictment containing the particulars of the negotiated charges. Ellis responded that he understood the charges and that he was being charged as a party to those offenses. The court advised Ellis of his applicable constitutional rights although Ellis had indicated that his attorney had already

---

[2] See *Minchey v. State*, 155 Ga. App. 632, 633 (1) (271 SE2d 885) (1980).

[3] *Freeman v. State*, 211 Ga. App. 716, 717 (1) (440 SE2d 490) (1994); accord *Alford*, supra, 400 U. S. at 38, n. 10.

[4] *Green v. State*, 265 Ga. 263, 265 (2) (454 SE2d 466) (1995).

[5] See *Brower v. State*, 230 Ga. App. 125, 126 (1) (495 SE2d 600) (1998).

[6] *Alford*, supra, 400 U. S. at 31.

[7] See *Green*, supra, 265 Ga. at 263 (where voluntariness of guilty plea is challenged, there must be a record of guilty plea hearing adequate for reviewing court to determine whether (1) defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea).

advised him of his rights and that he was satisfied with his attorney's representation. Ellis indicated that he understood his rights and that he could have a trial by maintaining his earlier not guilty plea, that he understood the consequences of entering his plea, and that he was entering his plea freely and voluntarily without force from anyone. Before considering a sentence for Ellis, the court advised him that he could withdraw his plea if the court did not accept the negotiated sentence recommendation. Ultimately, Ellis was sentenced in conformity with the negotiated recommendation. The ten-year term of imprisonment represented the mandatory minimum for armed robbery.[8]

We find no error in the trial court's finding that Ellis's plea was freely, voluntarily, knowingly, and intelligently entered. Encompassed within that finding is the conclusion that Ellis found his interests to be served by entering an *Alford* plea.

For these reasons, we affirm the judgment of the trial court.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 11, 2000.

*Jody D. Peterman,* for appellant.

*J. David Miller, District Attorney, James E. Hardy, Wesley J. Lewis, Assistant District Attorneys,* for appellee.