## A02A0097. SMITH v. THE STATE.
### (563 SE2d 923)

BLACKBURN, Chief Judge.

Following the trial court's denial of his motion to withdraw his *Alford*[1] plea for the crimes of voluntary manslaughter, aggravated assault, criminal damage to property, and criminal trespass, Nathaniel Smith appeals, contending that his plea was not voluntary and knowing because he was nervous, afraid, and rushed at the time that it was given. For the reasons set forth below, we affirm.

> Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Citation and punctuation omitted.) *Bowens v. State*.[2]

---

[1] Pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), a defendant may enter a plea without admitting his guilt out of fear of greater punishment for the crimes charged if he went to trial.

[2] *Bowens v. State*, 194 Ga. App. 391, 392 (390 SE2d 634) (1990).

The transcript in this case makes it clear that Smith was aware of both the rights he was waiving and the consequences of his *Alford* plea. That transcript shows that Smith responded that he could hear the judge clearly, he was not under the influence of alcohol or drugs, he understood all of the rights that he was waiving, and that he understood the consequences and nature of his *Alford* plea. Indeed, the transcript shows that the trial court discussed Smith's plea and its consequences with him in detail. This showing on the record amply supports a conclusion that Smith's plea was voluntary and knowing.

Smith nonetheless argues that, at the time that the plea was entered, he was scared, nervous, and rushed. The record belies this argument. To the contrary, the record shows that Smith understood the nature of the plea proceedings, that he asked specific, articulate questions about the consequences of the plea and received complete answers, and that he remained calm throughout. Smith's contention that he was rushed in giving his plea also lacks merit. Prior to accepting Smith's plea, the trial court explicitly asked Smith if he needed more time to talk with his attorney, and Smith replied that he did not.

In this case, the transcript clearly shows that Smith's *Alford* plea was both knowing and voluntary.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 10, 2002.

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.