A04A2348. DUQUE v. THE STATE.
(608 SE2d 738)

PHIPPS, Judge.

Juan Duque entered a negotiated *Alford*[1] plea to two counts of selling methamphetamine. He appeals, claiming that the trial court erred by accepting his plea because it was not voluntarily given and that his lawyers were ineffective for allowing him to plead guilty. We affirm.

1. Under *North Carolina v. Alford*,[2] the trial court may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence.[3] If the defendant later challenges the validity of his guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by (1) showing on the record of the plea hearing that the defendant was aware of the rights he was waiving and the possible consequences of his plea; or (2) pointing to extrinsic evidence affirmatively showing that the guilty plea was knowingly and voluntarily entered.[4]

Duque claims that the trial court failed to adequately inquire into the factual basis for his plea or to resolve the conflict between the

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).
[2] Supra.
[3] *Ellis v. State*, 243 Ga. App. 431, 432 (533 SE2d 451) (2000).
[4] *Smith v. State*, 254 Ga. App. 832 (563 SE2d 923) (2002).

plea and his claim of innocence. We agree with the state, however, that the transcript of the plea hearing shows that the court satisfied those responsibilities.

Speaking through an interpreter, Duque testified that he was not under the influence of alcohol or drugs; that he understood the charges against him and the possible sentences he faced; that he knew he had an absolute right to a jury trial, to confront and cross-examine the witnesses against him, and to testify on his own behalf if he so chose; and that he realized he was forfeiting those rights by pleading guilty. Duque further testified that he understood the state's recommended sentence, but knew that the court could reject the recommendation and give him the maximum sentence allowed by law.

The following exchange then occurred:

[PROSECUTOR]: Understanding your rights then, and the charges against you, how do you wish to plead to . . . the sale of methamphetamine, guilty or not guilty?
THE DEFENDANT: Guilty.
[PROSECUTOR]: Are you pleading guilty because you are, in fact, guilty?
THE DEFENDANT: Like I said, I don't know what — I explained that to the attorney.
[DEFENSE COUNSEL]: This would be an *Alford* plea, Judge. That's the way I understand it.
[PROSECUTOR]: Are you pleading guilty then because you believe that there is a substantial likelihood that if you were to go to trial, you would be convicted by a jury, and in light of the consideration being offered by the state?
THE DEFENDANT: Yes.

\* \* \*

[PROSECUTOR]: Are you pleading guilty then freely and voluntarily?
THE DEFENDANT: Yes.

\* \* \*

[PROSECUTOR]: Are you satisfied with the time and advice that [your lawyers] have been able to give you in your case?
THE DEFENDANT: Yes.

The prosecutor then explained that the charges against Duque arose from his sale on two occasions of methamphetamine to an

undercover agent for the Georgia Bureau of Investigation. According to the prosecutor, both sales were recorded by a body wire that the agent was wearing.

The court then asked defense counsel if he had seen the state's evidence and if he believed that a jury would likely convict Duque on the charges against him.

> [DEFENSE COUNSEL]: Yes, Your Honor. . . . There's a substantial risk of conviction should this case proceed to trial.
> THE COURT: And you've heard your client state that he believes that a jury would also convict him if they heard this evidence?
> [DEFENSE COUNSEL]: He's — he and I have talked about that, Your Honor. . . . And he is — that is the basis of the plea.

Next, the court addressed Duque directly.

> THE COURT: [Y]ou think it's in your best interest to go ahead and go forward with the plea with the recommendation the state is willing to make in this case?
> THE DEFENDANT: Yes.

After further discussion with Duque, the court found that his plea was entered freely and voluntarily.

In urging the court to accept the state's recommended sentence, defense counsel stated:

> I've listened to the tapes in the case. They are kind of hard to understand. Mr. Duque and I have been over them. He denies his involvement. But, you know, there's obviously eye-witness participants, the agents, and I have no doubt as to how they're going to testify based on what I've read on the case.

The court then accepted the state's recommendation and sentenced Duque to two concurrent twenty-year terms of incarceration on each count, with seven years to serve and the balance to be probated.

The record shows that Duque was aware of his rights and of the possible consequences of pleading guilty. It also shows that the trial court was informed of the factual basis of the charges and the nature of the evidence against Duque. In response to questioning by the prosecutor, Duque told the court that he chose to plead guilty despite his claim of innocence because he believed there was a substantial likelihood that he would be convicted and in consideration of the

state's recommended sentence. Later, in response to questioning by the court, Duque indicated that he felt a guilty plea was in his best interest. Under these circumstances, the trial court met its responsibility of ascertaining the factual basis for the plea and resolving any conflict between Duque's claim of innocence and his guilty plea.

Duque argues, however, that his lawyer cut him off when he attempted to explain why he was pleading guilty and that the court should have investigated his grounds for asserting innocence. The record does not support this assertion. There is no indication in the transcript that Duque was "cut off" or otherwise prohibited from speaking freely. To the contrary, the court questioned him personally, giving him ample opportunity to voice any reservations about the plea, yet Duque indicated none.

2. Duque claims he received ineffective assistance of counsel because his lawyers allowed him to enter a guilty plea "without a sufficient record to support it." Because the record *did* support Duque's guilty plea, this claim of error lacks merit.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 17, 2004.

*Cathy M. Alterman, Mark A. Yurachek*, for appellant.
*Donald N. Wilson*, District Attorney, *Fred A. Lane, Jr.*, Assistant District Attorney, for appellee.