## A07A0102. HENRY v. THE STATE.
(644 SE2d 191)

MIKELL, Judge.

John Allan Henry was indicted for aggravated assault and terroristic threats. On August 24, 2005, he pled guilty under *North Carolina v. Alford*[1] to terroristic threats, and the trial court nolle prossed the aggravated assault charge. Thereafter, Henry never moved to withdraw his guilty plea but instead filed a motion for an out-of-time appeal, which was granted. On appeal, Henry asserts that there was no factual basis for the plea and that it was not entered voluntarily or intelligently because the trial court did not inform him that intent was an element of the offense of terroristic threats. We find these assertions meritless and affirm.

1. Under *Alford*, the trial court may accept a guilty plea from a defendant who maintains his innocence "if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence."[2] Contrary to Henry's argument, the prosecutor established a factual basis for the plea at the plea hearing by stating, without objection, that Henry went into the victim's camper, grabbed him by the arm,

---

[9] *Artega v. State*, 282 Ga. App. 751, 752 (639 SE2d 634) (2006) (citation and punctuation omitted).

[10] See id.

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] (Footnote omitted.) *Duque v. State*, 271 Ga. App. 154 (1) (608 SE2d 738) (2004).

pulled out a knife, and threatened to cut out the victim's eyes. The statement was consistent with the indictment, which charged Henry with committing terroristic threats by threatening to cut out the victim's eyes. "A person commits the offense of a terroristic threat when he threatens to commit any crime of violence. OCGA § 16-11-37 (a). When the communication of a threat is done to terrorize another, the crime of terroristic threats is complete."[3] Thus, the facts alleged by the prosecutor "satisfied the elements of the charge[ ] to which [Henry] was pleading guilty."[4]

In attacking the factual basis for the plea, Henry argues that the state's evidence would have been insufficient to convict him of terroristic threats because the victim's testimony would have been uncorroborated. But the existence of a meritorious defense is not a sufficient basis to set aside a guilty plea, because a knowing and voluntary plea acts as a waiver of all defenses, known or unknown.[5] Accordingly, we will not consider Henry's challenge to the sufficiency of the evidence.[6]

2. Henry next contends that his *Alford* plea was not voluntarily or intelligently entered because the trial court did not inform him that intent was an element of the offense of terroristic threats. The voluntariness and intelligence of an *Alford* plea is judged by the same standard as a routine guilty plea: "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[7] Furthermore,

> [w]hen a defendant challenges the validity of a guilty plea, the state may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[8]

---

[3] (Citations and punctuation omitted.) *Jordan v. State*, 214 Ga. App. 346 (447 SE2d 341) (1994).

[4] *Green v. State*, 265 Ga. 263, 265 (2) (454 SE2d 466) (1995).

[5] See *Schlau v. State*, 282 Ga. App. 460, 461 (1) (638 SE2d 895) (2006); *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002); *Swan v. State*, 251 Ga. App. 80, 81 (3) (553 SE2d 383) (2001).

[6] *Zellmer*, supra; *Swan*, supra.

[7] (Punctuation and footnote omitted.) *Ellis v. State*, 243 Ga. App. 431, 432 (533 SE2d 451) (2000).

[8] (Citation omitted.) *Gainer v. State*, 267 Ga. App. 408 (599 SE2d 359) (2004).

The record in the case at bar contains a Petition to Enter Plea of Guilty signed by Henry and his trial counsel in which Henry acknowledged that he fully understood the nature of the charges against him, including any possible defenses, and had discussed his case fully with his attorney. The petition contains a certificate of counsel in which trial counsel certified that he explained to Henry all of the elements of the offense which the prosecution would be required to prove at trial. In his colloquy with the trial court, Henry further acknowledged that he had explained to counsel all of the facts and circumstances surrounding the charges and his attorney explained all defenses he might have. "[A] plea statement form signed by a defendant . . . can be used to show that a guilty plea is knowingly and voluntarily entered, when the plea statement is placed into the record and combined with a colloquy like the one that occurred between the trial court and [Henry] in this case."[9]

Finally, we note that at the time he entered the *Alford* plea, Henry was on probation for a separate offense, and the court combined the probation revocation hearing with the plea hearing. The court informed Henry that the sentences could have been made to run consecutively, but that the court would order them to run concurrently. The court then sentenced Henry to five years to serve. The court also nolle prossed the aggravated assault charge, and the state agreed to dismiss an accusation charging Henry with two counts of DUI as well as warrants charging him with shoplifting and stalking. The trial court expressly found that Henry entered his plea "freely and voluntarily, and knowingly." The record supports a determination that Henry's guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him.[10]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2007.

John A. Henry, *pro se.*

*Joe W. Hendricks, Jr., District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.

---

[9] (Citations and punctuation omitted.) *David v. State*, 279 Ga. App. 582, 584-585 (631 SE2d 714) (2006).

[10] *Ellis*, supra.