### A08A1736. CAMERON v. THE STATE.
(673 SE2d 59)

MILLER, Chief Judge.

Sidney Tremayne Cameron entered an *Alford*[1] plea to one count of theft by receiving stolen property, a Cadillac Escalade, in violation of OCGA § 16-8-7. The trial court sentenced Cameron to ten years probation under the First Offender Act (OCGA § 42-8-60) and ordered him to pay $18,123.75 in restitution. Cameron, proceeding pro se, filed a Notice of Appeal stating that he was appealing the amount of restitution on the ground that the trial court failed to conduct a restitution hearing. Cameron's appellate briefs, which fail to clearly enumerate errors, appear to challenge not only the trial court's restitution order but also the merits of the State's case against Cameron and the validity of his *Alford* plea. Discerning no error, we affirm.[2]

1. As an initial matter, we note that Cameron's briefs fail to comply with our rules. Most importantly, Cameron fails to clearly set forth his enumerations of error or to support such enumerations with argument or citation of authority. Cameron's appellate brief and reply brief both contain sections called "Enumeration of Errors." These sections differ from one another, although each one sets forth a laundry list of complaints relating to, inter alia, the seizure of the Escalade, the circumstances attendant to Cameron's arrest, and the trial court's restitution order. The remainder of Cameron's appellate briefs is largely devoted to disputing the facts underlying his conviction and the voluntariness of his guilty plea. While we would be authorized to deem Cameron's enumerations of error abandoned (see Court of Appeals Rule 25 (c)), we will nonetheless attempt to review his claims of error "based on what we perceive [his] arguments to be." (Citations omitted.) *In the Interest of C. W. S.*, 231 Ga. App. 444, 445 (1) (498 SE2d 813) (1998).

2. Cameron claims that the trial court erred in ordering him to

---

[1] See *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] The State filed a motion to dismiss Cameron's appeal on the ground that Cameron failed to file his appellate brief within 20 days of the date of docketing as required by Court of Appeals Rule 23 (a). We deny the State's motion because we have determined that Cameron's delay was occasioned by the fact that the Court's notice of docketing was not mailed to Cameron's correct address.

pay restitution in the amount of $18,123.75 without holding a restitution hearing. We disagree.

OCGA § 17-14-7 (b) requires the trial court to set a hearing to determine restitution "[i]f the parties have not agreed on the amount of restitution prior to sentencing. . . ." In determining the nature and amount of restitution, the trial court is required to take into account the factors listed in OCGA § 17-14-10 (a). Any dispute as to the amount or type of restitution is resolved by the trial court "by the preponderance of the evidence." OCGA § 17-14-7 (b). Although Cameron had a right to a restitution hearing during which various statutory factors would be considered, he waived that right by acquiescing in the trial court's restitution order.

After tendering Cameron's plea and explaining the basis of the charge against him, the State recommended that the trial court sentence Cameron to ten years, two to be served in prison, and award restitution. According to the State, the victim had a $500 insurance deductible, and the victim's insurance company had sold the Escalade for its salvage value at a loss of $17,623.75. Thus, the State recommended that the trial court order restitution in the amount of $18,123.75. Cameron's counsel then advised the trial court that he and Cameron were not aware that the State was seeking payment of restitution to the victim's insurance company, "[s]o that may be an issue for my client." The State responded that the parties had not been able to negotiate a plea that included an agreement on restitution but suggested, "[w]e could have a hearing." Defense counsel then consulted with Cameron off the record, and thereafter the hearing continued, with the trial judge engaging in a colloquy with Cameron concerning his plea.

After the colloquy concluded and several family members testified on Cameron's behalf, defense counsel asked the trial court for leniency. The trial court inquired, "What about restitution? Are you going to agree that this is the appropriate amount of restitution, or are you going to require a hearing on this?" Initially, defense counsel indicated that Cameron wanted a restitution hearing, but after the trial judge advised defense counsel that he would be more inclined to grant straight probation if Cameron were willing to pay the requested restitution, defense counsel consulted with Cameron and advised the trial court that Cameron was "ready to go forward." The trial court then accepted Cameron's plea, sentenced Cameron to ten years probation, and ordered Cameron to pay restitution in the amount of $18,123.75. After imposing the sentence, the trial judge asked Cameron if he had any questions, and he responded that he did not.

The record shows that, after consultation with his counsel, Cameron acquiesced in the trial court's restitution order as a means

of securing a more lenient sentence than that proposed by the State. "A litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal." (Punctuation and footnote omitted.) *McCullough v. State*, 268 Ga. App. 445, 446 (2) (a) (602 SE2d 181) (2004) (defendant acquiesced in restitution order where defendant suggested payment of restitution as a means of obtaining a more lenient sentence and represented that he wanted to pay the victims back "for all the damages and pain that I have caused . . ."); see also *Westmoreland v. State*, 192 Ga. App. 173, 177 (2) (b) (384 SE2d 249) (1989). As such, we reject Cameron's claim that the trial court erred in ordering restitution without holding a restitution hearing.

3. Cameron variously asserts that his attorney was inexperienced, afraid to try his case, and that he had "no[ ] choice" but to enter an *Alford* plea. To the extent Cameron is attempting to challenge the validity of his *Alford* plea, we conclude that he has no basis to do so.

(a) Under *Alford*,

the trial court may accept a guilty plea from a defendant who maintains his innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence.

(Punctuation and footnote omitted.) *Henry v. State*, 284 Ga. App. 439 (1) (644 SE2d 191) (2007). The trial court discharged these duties in this case.

Here, the prosecutor summarized the facts underlying the charge against Cameron. According to the State, Cameron had applied for a Georgia title on a 2003 Cadillac Escalade using a counterfeit Louisiana title and had reported that he purchased the vehicle on March 6, 2006. On the same day, the Escalade was reported stolen in Savannah. After looking for the vehicle at Cameron's home and the car dealership where Cameron worked, police located the Escalade at a local muffler shop. Elaborate efforts had been made to disguise the vehicle by, among other things, altering or removing its vehicle identification numbers.

In an interview with law enforcement, Cameron said that he had purchased the vehicle for $30,000 cash from a man from New Orleans and had arranged the transaction through Autotrader. Cameron met the seller at a gas station off of Interstate 85, and they then drove to a rest stop off of Interstate 75, where Cameron picked up the Escalade, a key, and the Louisiana title. Cameron had $30,000

in cash because he had received $40,000 from his insurance company after another Escalade he owned was stolen. Cameron had purchased the first Escalade through Autotrader with money from a personal injury settlement, and the first Escalade was also a stolen vehicle with a counterfeit title. Cameron also told investigators that he had some 20 years of experience working with General Motors vehicles.

The State's summary of the facts provided a factual basis for the trial court to accept Cameron's plea. *LaFette v. State*, 285 Ga. App. 516, 517-518 (2) (b) (646 SE2d 725) (2007) (State's account of what it expected evidence to show if case proceeded to trial provided trial court with factual basis for accepting defendant's *Alford* plea); *Henry*, supra, 284 Ga. App. at 439 (1) (prosecutor established factual basis for plea by describing facts underlying charges).

The trial court also fulfilled its obligation to attempt to resolve the conflict between Cameron's claim of innocence and his decision to plead guilty. The trial court acknowledged that one of the elements the State would have to prove to convict Cameron would be that Cameron knew or should have known that the Escalade was stolen. Based on the State's description of the facts, the trial judge stated that he would find it "incredible" for Cameron to claim he did not know the Escalade was stolen and that if "that's the reason [Cameron is] entering the best interest plea, then I am satisfied that it would be a rational decision to plead guilty. . . ." Later, Cameron confirmed that, in fact, he was contending that he did not know that the vehicle was stolen. Cameron's counsel interjected that Cameron had been caught up in a larger scheme and was a "small fish," but given Cameron's experience working with automobiles, it would be difficult to convince a jury that Cameron did not know the vehicle was stolen. In accepting Cameron's plea, the trial court again concluded that Cameron had made a "rational and intelligent decision that [it was in his] best interest to plead guilty. . . ."

(b) We further conclude that Cameron cannot successfully challenge his *Alford* plea on the ground that it was not voluntarily and intelligently entered. "The voluntariness and intelligence of an *Alford* plea is judged by the same standard as a routine guilty plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (Punctuation and footnote omitted.) *Henry*, supra, 284 Ga. App. at 440 (2); *Ellis v. State*, 243 Ga. App. 431, 432 (533 SE2d 451) (2000).

The record shows that before Cameron's guilty plea was tendered, Cameron, upon questioning by the prosecutor, acknowledged that he had an opportunity to talk with his counsel about the case and that he was "somewhat satisfied" with his counsel's performance. Cameron further stated that he understood that by entering

a guilty plea, he was giving up the right to a jury trial; he was not threatened by anyone to enter a guilty plea; and he was not promised anything in return for entering his plea. Cameron, who can read, write, and understand English, signed a Plea Proceeding Record acknowledging that he was waiving certain rights by entering a guilty plea. The trial court also entered into its own colloquy with Cameron and confirmed that Cameron understood that it was the State's burden to prove him guilty, that he had a right to a jury trial, and that Cameron had read, signed and understood the Plea Proceeding Record.

The record here thus supports a finding that Cameron made a voluntary and intelligent choice to plead guilty and "was aware of the rights being waived and the consequences of [his] plea." (Citation and punctuation omitted.) *Hicks v. State*, 281 Ga. 836, 837 (642 SE2d 31) (2007). As such, the trial court's factual finding that Cameron voluntarily and intelligently entered his guilty plea was not clearly erroneous. *Storch v. State*, 276 Ga. App. 789 (1) (625 SE2d 70) (2005).

4. With limited exception, "a plea of guilty generally waives all defenses except those based upon the knowing and voluntary nature of the plea," and "[o]nce a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not raise independent claims that occurred prior to the entry of his guilty plea." (Citations omitted.) *Pirkle v. State*, 240 Ga. App. 24, 26 (2) (522 SE2d 526) (1999). For this reason, we reject any remaining claims of error Cameron has attempted to state.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 26, 2009.

Sidney T. Cameron, *pro se.*
Peter J. Skandalakis, *District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.