## A09A0773. SKINNER v. THE STATE.
(678 SE2d 526)

MIKELL, Judge.

William Randall Skinner was indicted on charges of statutory rape (Counts 1 and 5), incest (Counts 2 and 6), distribution of cocaine (Count 3), and furnishing alcohol to a minor (Count 4). As part of a negotiated plea, Skinner pled guilty pursuant to *North Carolina v. Alford*[1] to Counts 1, 3, and 5 and was sentenced to fifteen years in prison plus ten years on probation. In addition, the court revoked the balance of his probation remaining on his 2005 conviction for theft by taking. An order of nolle prosequi was entered on Counts 2, 4, and 6. Following sentencing, Skinner filed a motion to withdraw his plea, and the trial court denied the motion. Skinner appeals this ruling, arguing that he should have been permitted to withdraw his plea because: (1) he received ineffective assistance of counsel during the plea hearing; and (2) there is insufficient evidence that his plea was knowingly, freely, and voluntarily entered. For reasons that follow, we disagree and affirm.

"After sentence is pronounced, withdrawal of a guilty plea is

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

allowed only to correct a manifest injustice."[2] When the defendant challenges the validity of a guilty plea, the state bears the burden of proving affirmatively from the record that the defendant entered his plea knowingly, intelligently, and voluntarily.[3] If the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, however, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, there is a reasonable probability that he would have insisted on a trial instead of entering a plea.[4] The trial court's finding that plea counsel rendered effective assistance will be affirmed unless clearly erroneous.[5] Moreover, in ruling on a motion to withdraw a guilty plea, "the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[6] Ultimately, the trial court's ruling on a motion to withdraw a guilty plea is a matter of sound discretion and will not be disturbed absent a manifest abuse of such discretion.[7] Bearing these principles in mind, we address Skinner's claims.

1. (a) Skinner contends that a reasonable probability exists that he would not have entered a plea had he known that he was not going to receive credit for time served since his arrest. Skinner's assertion that he was unaware of the consequences of his plea is not supported by the transcript of the plea hearing. After the prosecutor announced the state's recommendation of a total of 25 years to serve 15, plea counsel added that he anticipated that Skinner would receive credit for time served from the date of his arrest. The prosecutor clarified that Skinner would receive credit for time served in the Wilcox County jail on the current indictment but not for any time served on his probation revocation. Defense counsel agreed. Thereafter, the trial court explained to Skinner that the sentencing recommendation was not binding and that the court could sentence him to serve 70 years in prison. The court also stated that Skinner would have the opportunity to withdraw his plea if the court decided not to follow the state's recommendation. Skinner acknowledged that he understood and voiced no objection during the hearing.

At the withdrawal hearing, Skinner testified that when the prosecutor stated that he would not get credit for time served on the

---

[2] (Citation, punctuation and footnote omitted.) *McDowell v. State*, 282 Ga. App. 754, 755 (639 SE2d 644) (2006).

[3] *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007).

[4] Id. See also *Harden v. Johnson*, 280 Ga. 464 (629 SE2d 259) (2006).

[5] *Carson v. State*, 286 Ga. App. 167, 168 (1) (648 SE2d 493) (2007).

[6] (Citation and punctuation omitted.) *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006).

[7] Id. Accord *Collier v. State*, 281 Ga. App. 646, 647 (637 SE2d 72) (2006).

probation revocation, Skinner told his attorney that he would not take the plea. The transcript of the plea hearing, however, is devoid of any such colloquy. Moreover, plea counsel testified at the withdrawal hearing that Skinner never stated that he did not want to take the plea; otherwise, counsel would have stopped the proceeding. The trial court, which sat as the finder of fact for purposes of the withdrawal hearing, was entitled to believe plea counsel and disbelieve Skinner.[8] Accordingly, Skinner has not shown that he misunderstood the recommendation concerning credit for time served, or that counsel failed to listen to him, much less that he would have insisted on going to trial had he been counseled properly. Thus, we conclude that Skinner has failed to prove that plea counsel was ineffective on this ground.[9]

(b) Skinner also contends that plea counsel was ineffective because he failed to investigate allegedly exculpatory evidence, scientific as well as testimonial. This contention, like his first, is not supported by the record. One of the witnesses Skinner named as an exculpatory witness was his sister, but she testified at the withdrawal hearing that plea counsel had contacted her to discuss possible defenses. Skinner admitted that plea counsel told him that the potential witnesses were not going to be able to help him. Skinner also admitted that plea counsel gave him a copy of the state's discovery responses and showed him a video. Skinner complained that counsel "brought me down there at the prison, showing me my witnesses said things. It looked to me like my witnesses were going to hurt me as much as the State's witnesses were going to hurt me." Furthermore, although Skinner claimed that plea counsel failed to obtain the results of a DNA test performed on him, counsel testified that he followed up on Skinner's request, although he could not recall whether he had obtained any such test results. In any event, Skinner did not introduce any scientific evidence at the withdrawal hearing and has not shown that he would have insisted on going to trial but for counsel's alleged failure to obtain it.[10] The trial court did not err in denying Skinner's motion to withdraw his plea on the basis of ineffective assistance of counsel.

2. Skinner contends that the trial court erred in denying his motion to withdraw his plea because he did not fully understand the nature of an *Alford* plea, and the court did not attempt to resolve the conflict between his guilty plea and his claim of innocence. These assertions are not supported in the record.

---

[8] See *Lawton v. State*, 285 Ga. App. 45, 47 (645 SE2d 571) (2007).

[9] See generally *Johnson v. State*, 275 Ga. 538, 540 (2) (570 SE2d 289) (2002).

[10] See *Foster v. State*, 281 Ga. App. 584, 585-586 (2) (636 SE2d 759) (2006).

Under *North Carolina v. Alford*, the trial court may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence.[11]

"The voluntariness and intelligence of an *Alford* plea is judged by the same standard as a routine guilty plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[12] The state has the burden of proving that the defendant entered the plea knowingly and voluntarily, either by showing on the record of the plea hearing, or by pointing to extrinsic evidence, that the defendant was aware of the rights he was waiving and the possible consequences of his plea.[13]

Contrary to Skinner's argument, the record demonstrates that his *Alford* plea was a voluntary, knowing, and intelligent choice. Skinner confirmed at the plea hearing that he was entering an *Alford* plea because he believed it was in his best interest to plead guilty instead of risking the outcome of a trial on all counts. The prosecutor proceeded to establish a factual basis for the plea by stating that Skinner engaged in sexual intercourse with the fourteen-year-old victim, to whom Skinner was related, on at least two occasions, and provided her with alcohol and cocaine; that Skinner admitted giving her alcohol and cocaine; and that he "offered" the victim to a co-defendant for sexual purposes. After the prosecutor set out these facts, the trial court inquired of plea counsel whether Skinner disagreed with the statement or wished to add anything to it. Plea counsel stated, "we might . . . have some different accounts of some of these activities, but for the purpose of this plea we would stipulate that there is a factual basis as stated by [the prosecutor]." The trial court thus fulfilled its duty to attempt to resolve the conflict between Skinner's claim of innocence and his decision to plead guilty.[14]

The record also supports a finding that Skinner understood the concept of an *Alford* plea. At the withdrawal hearing, Skinner admitted that plea counsel advised him of the meaning of an *Alford* plea, and plea counsel testified that Skinner wanted to enter the plea

---

[11] (Citations and footnotes omitted.) *Duque v. State*, 271 Ga. App. 154 (1) (608 SE2d 738) (2004).

[12] (Punctuation and footnote omitted.) *Henry v. State*, 284 Ga. App. 439, 440 (2) (644 SE2d 191) (2007).

[13] See *Duque*, supra.

[14] See generally *Cameron v. State*, 295 Ga. App. 670, 673 (3) (a) (673 SE2d 59) (2009).

because he did not want to admit his guilt in front of any family members. Moreover, the record supports a determination that Skinner's guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him.[15] As noted in Division 1 (a), had Skinner been tried and convicted on all counts, he could have been sentenced to 70 years to serve. Instead, he entered a negotiated plea and was sentenced to 25 years to serve 15.

Finally, the state satisfied its burden of proving that the plea was entered knowingly and voluntarily. At the plea hearing, the trial court ascertained Skinner's level of education, his comprehension of the plea process, and his satisfaction with his counsel. The court determined that Skinner was not under the influence of drugs or alcohol, had not been coerced into pleading guilty, and understood the nature of the charges against him. The court advised him of all of the rights he was waiving and of the maximum possible sentence he faced if he proceeded to trial on all of the charges.[16] The record contains a guilty plea form signed by Skinner in which he confirmed that he understood the nature of the charges; that a factual basis existed to support them; that he was waiving all of his rights, which were explained on the form; and that he was satisfied with his attorney. The record, including the transcript of the plea hearing and the plea form signed by Skinner, affirmatively shows that his plea was knowing and voluntary.[17]

In sum, we conclude that withdrawal of the plea is not necessary to correct a manifest injustice.[18] It follows that the trial court did not abuse its discretion in denying Skinner's motion.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 13, 2009.

*Clinton L. Lott IV*, for appellant.
*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.

---

[15] See *Henry*, supra at 441 (2).
[16] See Uniform Superior Court Rule 33.8.
[17] See *Henry*, supra; accord *Tomlin v. State*, 295 Ga. App. 369, 372 (2) (671 SE2d 865) (2008).
[18] *McDowell*, supra.