S10A1746. MCKIERNAN v. THE STATE.
(702 SE2d 170)

MELTON, Justice.

Following the denial of his motion to withdraw his guilty plea, Larry Patrick McKiernan appeals, contending that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. For the reasons set forth below, we affirm.

The predicate facts developed at McKiernan's guilty plea hearing show that, following a domestic squabble, McKiernan shot his wife in the back of the head with a Glock handgun. McKiernan then wrapped his wife's body in tarp and disposed of it in the woods. Later, when questioned by police, McKiernan claimed that his wife had committed suicide and that he had disposed of her body according to her wishes in a place that was special to her. Once the body was examined, however, it became clear that the gunshot could not have been self-inflicted. Upon further questioning, McKiernan next lied that a burglar might have committed the crime. Later, he changed his story again and admitted that he shot his wife; however, he maintained that the gun had gone off by accident during a fight with his wife, who was attempting to hit him in the head with an ashtray at the time. McKiernan was then arrested and ultimately indicted on charges of malice murder, felony murder while in the commission of aggravated assault, aggravated assault, concealing the death of another, and possession of a firearm during the commission of a

---

[3] Tanner's last allegation concerning the propriety of the trial court's order on due process grounds is moot.

crime. On January 31, 2007, McKiernan pled guilty to the felony murder of his wife. McKiernan subsequently filed a motion to withdraw this plea by writing a letter to the trial court on February 27, 2007, and the motion was denied on May 18, 2010.[1] This appeal followed.

1. McKiernan claims that his trial counsel rendered ineffective assistance by failing to adequately research McKiernan's mental health history prior to allowing him to enter a guilty plea.

> A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Citations and punctuation omitted.) *Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009).

In this case, the record shows that, approximately nine months prior to the death of his wife, McKiernan was being treated by Dr. Vakkur for depression. McKiernan relayed this information to his trial counsel, but trial counsel had difficulty finding Dr. Vakkur. Before the hearing on McKiernan's plea, trial counsel was able to interview Dr. Vakkur by phone, and Dr. Vakkur informed him that, at the time he was treating McKiernan, McKiernan was depressed and taking anti-depressants. Trial counsel then asked Dr. Vakkur whether McKiernan had displayed any signs of psychosis, and Dr. Vakkur responded that he had not.

After receiving this information, trial counsel decided not to pursue the matter further or call Dr. Vakkur as a witness. Trial counsel gave the following reasons for this decision: (1) Dr. Vakkur had not provided any evidence to indicate that McKiernan lacked capacity; (2) McKiernan had never shown any signs of incapacity following his wife's death; (3) McKiernan had consistently and cogently maintained that the shooting was an accident; and (4) an incapacity defense, which trial counsel determined was unlikely to succeed, would contradict and undermine an accident defense. Given this explanation in conjunction with the facts and testimony of record, trial counsel's actions prove to be reasonable in these

---

[1] The trial court initially determined that McKiernan's letter was not a proper motion. On appeal, however, this Court determined that the letter did comprise a proper motion and remanded the case to the trial court, precipitating the denial of the motion to withdraw guilty plea which is the basis of the present appeal. See *McKiernan v. State*, 286 Ga. 756 (692 SE2d 340) (2010).

circumstances.

Contrary to McKiernan's characterizations, this is not a case in which trial counsel made *no* effort to ascertain the strength or validity of his client's incapacity defense. To the contrary, based on almost thirty years of experience, trial counsel sought and spoke with McKiernan's psychiatrist, and, based on that information as well as his own observations of McKiernan, trial counsel made a strategic choice that an incapacity defense was not in his client's best interest. Under the facts of this case, it cannot be said that trial counsel acted unreasonably. See, e.g., *Smith v. State*, 283 Ga. 237 (2) (a) (657 SE2d 523) (2008).

2. McKiernan contends that, because he continued to maintain that the shooting was accidental during his guilty plea, the trial court committed a manifest injustice by accepting his guilty plea without the safeguards set forth in *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37.)

> Under *North Carolina v. Alford*, the trial court may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. If the defendant later challenges the validity of his guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by (1) showing on the record of the plea hearing that the defendant was aware of the rights he was waiving and the possible consequences of his plea; or (2) pointing to extrinsic evidence affirmatively showing that the guilty plea was knowingly and voluntarily entered.

(Footnotes omitted.) *Duque v. State*, 271 Ga. App. 154 (1) (608 SE2d 738) (2004).

Although the record does not indicate that McKiernan intended to enter an *Alford* plea, the transcripts of the guilty plea hearing and the motion to withdraw the plea show that the plea is proper, even if it is considered under *Alford*. The transcript of the guilty plea hearing unequivocally shows that McKiernan was fully aware of all the rights he was waiving by pleading guilty, and there is no question

that he was aware of the mandatory life sentence which he faced. In addition, the transcript of the motion hearing shows that McKiernan was motivated to plead guilty because he thought it would be in his best interests to avoid trial and a potentially longer sentence. He specifically stated that, if he did not plead guilty, he was afraid that he might never be released from prison. In addition, trial counsel testified that McKiernan chose to plead guilty in order to avoid having to put his family through a trial, as his son, acting on suspicion, had been the first person to alert police that the crime had been committed. Therefore, the record in this case shows that McKiernan intelligently concluded that pleading guilty was in his best interest and that the trial court properly reviewed and considered the basis for his plea. Under these circumstances, the record shows that McKiernan voluntarily and knowingly entered his guilty plea, and McKiernan's contentions based on *Alford* fail.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Jennifer M. Daniels*, for appellant.

*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.