A11A1910. GREASON v. THE STATE.
(720 SE2d 311)

MCFADDEN, Judge.

Billy Greason appeals the judgment of conviction entered on his guilty pleas to maintaining a disorderly house and misdemeanor possession of marijuana. He argues that the trial court erred in denying his motion to suppress evidence and that the state failed to produce physical evidence to support the convictions. Because Greason waived these challenges by entering his guilty pleas, we affirm.

"A defendant waives any error in the denial of his motion to suppress by pleading guilty; therefore, this [c]ourt is precluded from reviewing that decision." (Citations omitted.) *Skinitis v. State*, 271 Ga. App. 549, 550 (610 SE2d 571) (2005). A defendant also waives any challenge to the sufficiency of the evidence by pleading guilty. *Henry v. State*, 284 Ga. App. 439, 440 (1) (644 SE2d 191) (2007). We observe that the state established a factual basis for Greason's pleas. See *Zellmer v. State*, 257 Ga. App. 346, 347 (1) (571 SE2d 174) (2002).

> With a few limited exceptions not applicable here, a plea of guilty generally waives all defenses except those based upon the knowing and voluntary nature of the plea. Once a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not thereafter raise independent claims that occurred prior to the entry of his guilty plea.

(Citations omitted.) *Pirkle v. State*, 240 Ga. App. 24, 26 (2) (522 SE2d

526) (1999). It follows that, by entering his guilty pleas, Greason waived his challenges to the denial of his motion to suppress evidence, to the state's failure to provide physical evidence, and, to the extent the evidentiary challenge raised the issue, to the sufficiency of the evidence to support the convictions.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 23, 2011.

*Billy Greason, pro se.*

*Layla H. Zon, District Attorney, Erle J. Newton III, Marie E. Greene, Assistant District Attorneys*, for appellee.