## A09A0294. MORRELL v. THE STATE.

(677 SE2d 771)

SMITH, Presiding Judge.

Jerry Morrell was indicted on two counts of child molestation. He entered an *Alford*[1] plea to two counts of cruelty to children and was sentenced to five years of probation. At the direction of his probation officer, Morrell registered as a sexual offender but later filed a "Petition to Remove Defendant from the Sex Offender Registry." The trial court denied the petition and ordered that Morrell continue to register as a sexual offender as required by OCGA § 42-1-12. Morrell now appeals from that order. For the following reasons, we affirm.

"[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal. Because the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review." (Citations and punctuation omitted.) *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008). Moreover, "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). And

> [t]o determine the legislative intent of a statute, we begin with the literal text; where the literal text of a statute is plain and does not lead to absurd or impracticable conse-quences, we apply the statute as written without further inquiry. The language of a statute is given its most natural and obvious import, without resorting to forced or subtle interpretations to either expand or limit the statute's operation. We interpret a statute to give effect to the real legislative intent and meaning, however, and not so strictly as to defeat the legislative purpose.

(Citations omitted.) *Spivey v. State*, 274 Ga. App. 834, 835 (1) (619 SE2d 346) (2005).

Morrell was indicted on two counts of child molestation. Count 1 alleged that Morrell did an "immoral and indecent act to [the victim], a child under 16 years of age, with intent to arouse and satisfy the sexual desires of said accused; said acts being that the accused placed his hand on the breast of [the victim]." Count 2 alleged that Morrell committed child molestation by placing "his hand on the buttocks of [the victim]." Because Morrell's criminal

---

[1] See *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

history was limited to a nolo contendere plea for "bad checks" seven years earlier, the State agreed to allow him to plead guilty to cruelty to children. Morrell pled guilty to two counts of cruelty to children for "causing mental anguish to [the victim]" by committing the acts alleged in the indictment.[2] The trial court accepted the State's recommendation for punishment, sentenced Morrell to five years of probation, and ordered that he complete a sex offender treatment program.

Under Georgia law, a person must register as a sex offender if, among other things, he is convicted on or after July 1, 1996 of a "criminal offense against a victim who is a minor." OCGA § 42-1-12 (e) (1). A "criminal offense against a victim who is a minor" with respect to convictions occurring after June 30, 2001, is defined to include any criminal offense under Title 16 which consists of, among other things, "[c]riminal sexual conduct toward a minor," and "[a]ny conduct[,] which, by its nature, is a sexual offense against a minor." OCGA § 42-1-12 (a) (9) (B) (iii) and (a) (9) (B) (xi). "Conviction" includes "a final judgment of conviction entered upon a verdict or finding of guilty of a crime, a plea of guilty, or a plea of nolo contendere." OCGA § 42-1-12 (a) (8).

Morrell argues that he did not plead guilty to any charges which alleged sexual conduct and that his plea to the lesser included offense of cruelty to children did not specify the acts of cruelty. Contrary to Morrell's argument, the record reflects that he entered an *Alford* plea[3] to two instances of cruelty to children for "causing mental anguish to [the victim]" by committing the acts alleged in the indictment. Those acts, acknowledged by Morrell, involved him touching the breast and buttocks of the 14-year-old victim. Therefore, although Morrell did not plead guilty to a sexual offense, he did plead guilty to "conduct, which, by its nature, is a sexual offense against a minor" which is a "criminal offense against a victim who is a minor" under OCGA § 42-1-12 (a) (9) (B) (xi). See *Wiggins v. State*, 272 Ga. App. 414, 422 (7) (612 SE2d 598) (2005) (conviction for

---

[2] The transcript of the plea hearing reveals that Morrell responded affirmatively when counsel for the State asked the following question:

Do you understand the charge against you is going to be felony cruelty to children? That would read in Count 1 by causing cruel mental pain to [the victim] . . . by placing your hand on her breast. And in Count 2, causing cruel mental pain to [the victim] . . . by placing your hand on her buttocks. Do you understand that's how the felony cruelty to children counts will read or do read?

[3] We note that an *Alford* plea is "a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury." (Citation omitted.) *Argot v. State*, 261 Ga. App. 569, 571 (2) (583 SE2d 246) (2003). "An *Alford* plea does not imply a promise or assurance of anything. . . . There is nothing inherent in the nature of an *Alford* plea that gives a defendant any rights, or promises any limitations, with respect to the punishment imposed after the conviction." (Citation omitted.) Id. at 572 (2).

cruelty to children for act of rape fell within purview of sex offender registry statute), rev'd in part on other grounds, 280 Ga. 268 (626 SE2d 118) (2006).

Because Morrell's acts fell with the purview of OCGA § 42-1-12 (e) (1), the trial court did not err in denying his motion and ordering that he register as a sex offender. See *Wiggins*, supra, 272 Ga. App. at 422 (7).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED APRIL 22, 2009.

*Clegg, Daniels & Petrey, John H. Petrey*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.