[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13989
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:97-cr-00200-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE DEMPSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 26, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

George Dempsey appeals the revocation of his supervised release on the

grounds that the court failed to conduct his revocation hearing within a reasonable time as required by Fed. R. Crim. P. 32.1(b), and that his *Alford*[1] plea to state offenses was insufficient to establish that he violated the terms of his release. After a thorough review of the record, we affirm.

I.

In 1999, Dempsey was convicted of conspiracy to possess with intent to distribute heroin and sentenced to 70 months' imprisonment and 3 years' supervised release. One of the terms of his release was that he not commit any other federal, state, or local crime.

In 2005, Dempsey was released from federal custody and began his term of supervised release. In 2006, he was arrested in Georgia for burglary, obstruction, two counts of aggravated assault on a police officer, and interference with government property. While these charges were pending in state court, the district court issued a warrant for Dempsey's arrest based on the potential violation of the terms of his supervised release. The warrant was filed as a detainer with state authorities.

Dempsey ultimately entered an *Alford* plea in state court to his charges and was sentenced in 2008 to ten years' imprisonment. In May 2011, after he served

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

his state sentences, Dempsey was taken into federal custody pursuant to the warrant and detainer.

At his August 2011 revocation hearing, Dempsey contested that he violated the terms of his release. He asserted that he had not committed any of the state crimes charged, and that he entered an *Alford* plea to maintain his innocence. The government proffered a certified copy of Dempsey's state-court convictions. Relying solely on the certified copy, the district court determined that there was sufficient evidence to establish that Dempsey had violated the terms of his supervised release. Accordingly, the court revoked his release and sentenced him to the statutory maximum sentence of twenty-four months' imprisonment. The court declined to consider Dempsey's claim that he was innocent of the state charges.

Dempsey now appeals, arguing that (1) the district court did not hold his revocation hearing within a "reasonable time," as required by Fed. R. Crim. P. 32.1(b)(2); and (2) the district court erred by relying solely upon his *Alford* plea in revoking his supervised release because it did not constitute an admission of guilt.

II.

We review the revocation of supervised release for an abuse of discretion. *United States v. Velasquez-Velasquez*, 524 F3d 1248, 1252 (11th Cir. 2008).

3

Where a defendant raises an argument for the first time on appeal, we review for plain error. *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). To satisfy this standard, there must be error that is plain, that affects the defendant's substantial rights, and that seriously affects the fairness of the judicial proceedings. *Id*.

A.  Rule 32.1(b)(2)

A person held in custody for violating his supervised release must be taken without unnecessary delay for an initial appearance before a magistrate judge. Fed. R. Crim. P. 32.1(a)(1). That person must receive a prompt hearing before the magistrate judge to determine whether probable cause exists to believe that he violated his supervised release. *Id.* 32.1(b)(1). If probable cause exists, the district court must hold a revocation hearing within a reasonable time. *Id.* 32.1(b)(2).

After review, we conclude that Dempsey failed to establish a violation of Rule 32.1(b). Dempsey did not raise this issue before the district court; thus, we review it for plain error. Dempsey emphasizes that more than five years passed between his arrest and his revocation hearing, and argues that this time period was unreasonable. But Rule 32.1 applies to those "in custody *for violating a condition of supervised release*." Fed. R. Crim. P. 32.1(b)(1). At the time the district court

4

issued the warrant and detainer, Dempsey was in state custody. It was not until his transfer to federal custody after he completed his state sentences that he was "in custody for violating a condition of his supervised release." *Id.*; *see also Cook v. U.S. Att'y Gen.*, 488 F.2d 667, 671 (5th Cir. 1973) ("[E]xecution of the warrant is the operative factor in triggering the availability of the revocation hearing.").[2] That transfer did not occur until May 2011. Thus, the time period in which to hold his revocation hearing did not begin to run until Dempsey's transfer. The revocation hearing was held in August 2011. We cannot say that three months is an unreasonable time. *See Parrish v. Wainwright*, 614 F.2d 1028 (5th Cir. 1980) (concluding that three month delay was not unreasonable). Dempsey therefore has failed to demonstrate any plain error in the timing of his revocation hearing under Rule 32.1.

B. *Alford* Plea

Dempsey also argues that the district court could not revoke his supervised release based on a charge to which he entered an *Alford* plea because the conditions of his release required that he refrain from "committing" an offense, not from being "convicted" of one. We disagree.

---

[2] Decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

A court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a term of his supervised release. 18 U.S.C. § 3583(e)(3). A certified copy of a conviction is proper evidence that a defendant violated the terms of his supervised release by committing another criminal offense. *See United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir. 1996).

In *Alford*, the U.S. Supreme Court held that trial courts could accept a defendant's guilty plea despite his protestation of innocence. 400 U.S. at 31-39. The trial court nonetheless must determine that there is a factual basis supporting the *Alford* plea. *Stano v. Dugger*, 921 F.2d 1125, 1140 (11th Cir. 1991); *see also McKiernan v. State*, 702 S.E.2d 170, 172 (Ga. 2010) (noting that a defendant may enter an *Alford* plea where the defendant decides a guilty plea is in his best interests and the trial court inquires into the factual basis for the plea). Under Georgia law, an *Alford* plea is "a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury." *Morrell v. State*, 677 S.E.2d 771, 773 n.3 (Ga. Ct. App. 2009).

The crux of Dempsey's argument is that he was innocent of the charges and thus did not "commit" a state offense under the terms of his supervised release. But revocation proceedings are "not the proper forum in which to attack a

6

conviction giving rise to the revocation." *Hofierka*, 83 F.3d at 363. In any event, under Georgia law, an *Alford* plea is the functional equivalent of a guilty plea for purposes of collateral consequences. *See. e.g. Morrell*, 677 S.E.2d 773 n.3. Accordingly, because the district court considered a certified copy of Dempsey's convictions, it properly revoked his supervised release.

For the reasons stated, we affirm the revocation of Dempsey's supervised release.

**AFFIRMED.**