[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12075
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00337-WBH-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH WADE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 8, 2014)

Before HULL, MARCUS, and HILL, Circuit Judges.

PER CURIAM:

Keith Wade appeals his conviction and 195-month sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On appeal, he first argues that the district court erred in concluding that reasonable suspicion was not required to conduct a warrantless search of Wade's residence because he was a parolee who had signed a search waiver as a condition of his parole.  Second, he contends that the district court erred in concluding that officers did have reasonable suspicion to search his residence after receiving an anonymous tip and a photograph in which Wade was holding a firearm.  Finally, Wade argues that the district court erred in concluding that his prior conviction pursuant to an *Alford*[1] plea qualified as a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Upon a thorough review of the record, and after consideration of the parties' briefs, we affirm.

I.

Wade's first argument fails because the district court actually never held that, as a parolee, his residence could be searched in the absence of reasonable suspicion.  Although the magistrate judge did make such a conclusion in the report

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2

and recommendation, the district court expressly stated that it was making no conclusion as to that issue.  Instead, the district court based its denial of Wade's motion to suppress on its conclusion that officers did have reasonable suspicion to justify the warrantless search.  Because the district court did not rule on the absence-of-reasonable-suspicion argument, we decline to address it as well.

## II.

We review "a district court's denial of a motion to suppress evidence as a mixed question of law and fact, with rulings of law reviewed *de novo* and findings of fact reviewed for clear error, in the light most favorable to the prevailing party in district court." *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). A finding is clearly erroneous only if we are left with the "definite and firm conviction that a mistake has been committed." *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009) (quotation omitted).

Reasonable suspicion consists of "a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable." *United States v. Knights*, 534 U.S. 112, 121, 122 S.Ct. 587, 592, 151 L.Ed.2d 497 (2001).  Reasonable suspicion requires "a particularized and objective basis for suspecting legal wrongdoing," which must be more than an "inchoate and unparticularized suspicion or hunch of criminal activity." *United States v. Yuknavich*, 419 F.3d 1302, 1311 (11th Cir. 2005) (quotations omitted).

3

An officer must point to specific and articulable facts, known to the officer prior to the search, that reasonably warrant the intrusion when they are considered along with the rational inferences that accompany those facts. *Id.* We examine the totality of the circumstances in determining whether reasonable suspicion exists. *Lindsey*, 482 F.3d at 1290.

Reasonable suspicion may be based on information supplied by another person, such as an informant, so long as the information bears sufficient "indicia of reliability." *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972). An anonymous tip, sufficiently corroborated, may provide reasonable suspicion that an individual is engaged in criminal activity. *Alabama v. White*, 496 U.S. 325, 331, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990). An anonymous tip "must be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Lindsey*, 482 F.3d at 1291 (quotation omitted). The Supreme Court has held that, without more, an anonymous tip that a person is carrying a gun is not sufficient to justify a stop and frisk. *Florida v. J.L.*, 529 U.S. 266, 268, 120 S.Ct. 1375, 1377, 146 L.Ed.2d 254 (2000).

We have developed a staleness doctrine to assess whether evidence that would constitute reasonable suspicion has become stale before officers have acted on it. *United States v. Bervaldi*, 226 F.3d 1256, 1264-65 (11th Cir. 2000). Whether information is stale depends on the particular facts of the case. *Id.*

4

Relevant factors include the length of time before officers act on their reasonable suspicion, "the nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Id.* at 1265 (quotations omitted). In determining the sufficiency of evidence, "we make no distinction between circumstantial and direct evidence." *United States v. Tate*, 586 F.3d 936, 945 (11th Cir. 2009).

A third party may consent to a search when she possesses "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).

The search of Wade's residence was supported by reasonable suspicion. Although an anonymous caller provided the information leading to the search, the caller provided corroboration for his tip by identifying Wade by name, forwarding a threatening picture of Wade holding an assault rifle, and providing a motive for Wade's alleged possession of that rifle, namely to harm the caller and his fiancée, who was thought to be Wade's ex-girlfriend. Moreover, Wade's staleness argument fails because officers acted promptly on information from which they could infer that the anonymous caller was being threatened contemporaneously

5

with his calling Wade's parole officer.  In the alternative, the warrantless search was justified because Wade's mother consented to it.

### III.

We review *de novo* whether a particular offense constitutes a violent felony under 18 U.S.C. § 924(e).  *United States v. Rainey*, 362 F.3d 733, 734 (11th Cir. 2004).

Under the ACCA, a defendant who is convicted of being a felon in possession of ammunition shall be subject to a minimum term of 15 years' imprisonment if he has 3 previous convictions for a violent felony.  *See* 18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as any offense punishable by more than one year of imprisonment, which (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).

Section 4B1.4 of the Guidelines provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal."  U.S.S.G. § 4B1.4(a).  If a defendant is an armed career criminal, he is subject to a minimum offense level of 33.  *See id.* § 4B1.4(b)(3)(B).

Under Georgia law, "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon . . . ." O.C.G.A. § 16-8-41(a). "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." O.C.G.A. § 16-4-1.

In *Alford*, the Supreme Court concluded that "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37, 91 S.Ct. at 167. "[T]he collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilt" so long as "the guilty plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant and a sufficient factual basis exists to support the plea of guilt." *Blohm v. C.I.R.*, 994 F.2d 1542, 1554 (11th Cir. 1993) (citations omitted). Under Georgia law, an *Alford* plea is "a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury." *Morrell v. State*, 677 S.E.2d 771, 772 n.3 (Ga. Ct. App. 2009) (quotations omitted).

The use of Wade's prior conviction for attempted armed robbery to enhance his present sentence was not error. The record shows that his plea to that offense

7

was knowing and voluntary, and supported by a factual basis.  This is all that is required for his plea under *Alford* to produce the same collateral consequences as an ordinary guilty plea.

**AFFIRMED.**