[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11667
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00344-WSD-CMS-10

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO SLATON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 8, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Antonio Slaton appeals the district court's decision to revoke his supervised

release and impose a twenty-two month sentence after finding that Slaton violated

three conditions of his supervision.  After careful consideration, we affirm the

revocation of Slaton's supervised release and the district court's sentence. However, the judgment reflects the wrong statute of conviction. We therefore remand for the limited purpose of correcting the judgment.

## I.

Slaton pled guilty to one count of conspiracy to commit theft of government funds, 18 U.S.C. § 641,[1] and was sentenced on January 20, 2016 to twelve months in prison followed by three years of supervised release. The terms of supervised release barred Slaton from "commit[ting] another federal, state, or local crime" and illegally possessing or using controlled substances.

Slaton was released from federal custody and began his term of supervision on September 20, 2016. While on supervised release, Slaton tested positive for marijuana several times and admitted purchasing a device to help falsify his drug test results. Per probation's unopposed request, the district court amended Slaton's terms of supervised release on December 21, 2016 to include a mandatory 180-day participation in a halfway house. Seven months later, Slaton again tested positive for marijuana. Slaton waived his right to a hearing, and the district court again modified the terms of Slaton's supervision, this time requiring Slaton to participate in a "cognitive skills program."

---

[1] The judgment mistakenly lists 13 U.S.C. § 641 as the statute of conviction. This appears to have been a clerical error.

On September 18, 2017, Atlanta Police Department officers arrested Slaton at his mother's home, where he was staying, for allegedly shooting someone in the foot a week earlier. State prosecutors charged Slaton with aggravated assault, aggravated battery, possession of a firearm during the commission of a felony, and being a felon in possession of a firearm. Six months later, Slaton entered an Alford[2] plea in Fulton County Superior Court for three of the four charges. The fourth, felon in possession, was nolle prossed. The court sentenced him to seven years, with the first two years to be served on probation and the remaining five years suspended.

In the meantime, the district court issued an order to show cause why Slaton's supervised release should not be revoked on five different grounds, including committing new offenses. The district court withheld proceedings on Slaton's supervised release pending resolution of Slaton's new charges in state court, after which it scheduled a revocation hearing for April 5, 2018.

At the revocation hearing, the government presented Slaton's certified copy of conviction in Fulton County Superior Court as evidence he committed offenses in violation of his supervised release. In response, Slaton sought to introduce evidence showing he was innocent of the state charges, despite his guilty plea. Slaton first testified at the hearing that he entered an Alford plea because

---

[2] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970).

3

conditions in Fulton County Jail, where he was being held, were intolerable.  He explained that for the six months he spent in jail, waiting for a trial date to be set, the jail lacked hot water and heating.  This contributed to his decision to plead guilty under Alford.

Slaton next introduced into evidence a video purportedly depicting the moments leading up to, and after, the shooting for which he was convicted.  The video did not capture the shooting itself.  Referencing the video, Slaton explained that on the day in question, he and his friend went to Texaco, where they ran into the victim and someone affiliated with the victim.  According to Slaton, the victim attempted to sell him marijuana, which Slaton declined.  Slaton testified that as he and his friend were leaving, he shook hands with the victim to apologize for any offense he may have caused by declining the offer.  The video then shows a white van, which Slaton testified belonged to his friend, leaving the Texaco.  The video does not show Slaton getting into the white van, although Slaton claims he did.  A little over twenty minutes later, the video shows the victim, now injured, entering the convenience store.

The district court found by a preponderance of the evidence that Slaton violated three terms of his supervised release: committing new offenses, failing to participate in the halfway house, and failing drug screens by testing positive for marijuana and cocaine.  Over the objections of counsel, the district court found that

4

regardless of the evidence presented at the revocation hearing, Slaton's Alford plea alone was sufficient to demonstrate he had committed the offenses charged. Although Slaton's violations produced a guideline range of thirty to thirty-seven months, the statutory maximum for the violations was twenty-four months. After some discussion of the evidence, the district court revoked Slaton's supervised release and sentenced him to twenty-two months. Slaton timely appealed.

## II.

"We generally review a district court's revocation of supervised release for an abuse of discretion." United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). We also review a district court's sentence for an abuse of discretion. See United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990). A district court also abuses its discretion when it "fails to afford consideration to relevant factors that were due significant weight" at sentencing. Irey, 612 F.3d at 1189.

## III.

Slaton says the district court erred when it found he committed new offenses and sentenced him to twenty-two months imprisonment. Specifically, he argues

the district court violated his due process rights by refusing to consider evidence of his innocence for either the government's charge that he engaged in criminal conduct or 18 U.S.C. § 3553's mitigation factors. Absent the district court's error, Slaton says his guideline range would have been seven to thirteen months.

This court, however, has long held that "a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation." United States v. Hofierka, 83 F.3d 357, 363 (11th Cir. 1996) (per curiam). This principle applies regardless of the type of challenge a defendant brings against his underlying state conviction, be it a claim of prosecutorial misconduct, actual innocence, or a constitutionally deficient plea colloquy. See id. at 363–64 (explaining that once a defendant's conviction is reversed, "he may seek appropriate modification of his supervised release revocation sentence at that time"). Such challenges are not appropriate in a revocation proceeding and must instead be addressed on direct appeal or through an appropriate collateral proceeding. Id.

Slaton's proposed distinction between collateral attacks on a judgment of conviction and "presenting evidence to show that he had not violated the condition that he commit no federal, state, or local laws" is no distinction at all. Because an Alford plea under Georgia law requires a defendant to "admit[] that sufficient evidence exists to convict him of the offense," it "places the defendant in the same

6

position as if there had been a trial and conviction by a jury." United States v. Ramirez-Gonzalez, 755 F.3d 1267, 1273 (11th Cir. 2014) (quoting Morrell v. State, 677 S.E.2d 771, 772 n.3 (Ga. Ct. App. 2009)). Any challenge to the use of the conviction as evidence of violative conduct is thus a challenge to the factual basis of the conviction itself. [3] Id. This is plainly a collateral attack. See, e.g., Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014) (explaining that a prisoner may challenge his sentence on "collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated").

The district court therefore did not abuse its discretion when it found, based solely on the certified copy of conviction and without regard for Slaton's other evidence, that Slaton violated the terms of his supervised release by committing new offenses. See Hofierka, 83 F.3d at 363 ("A certified copy of a conviction is proper evidence that a defendant violated a state or federal law and, thereby, violated a condition of his or her supervised release."); see also United States v. Glenn, 744 F.3d 845, 848 (2d Cir. 2014) (per curiam) (holding the district court did

---

[3] The outcome may be different in a jurisdiction where an Alford plea does not, as a matter of state law, carry the same consequences as a guilty plea. See, e.g., United States v. Williams, 741 F.3d 1057, 1059–60 (9th Cir. 2014) (holding that an Alford plea in Washington is not probative of the commission of a crime in the context of a revocation, because Washington does not treat Alford pleas "the same as a guilty plea"); United States v. Poellnitz, 372 F.3d 562, 565–70 (3d Cir. 2004) (holding that an Alford plea in Pennsylvania may not be "treat[ed] . . . as an admission by [the defendant] that he committed the crime").

7

not err when it relied on <u>Alford</u> pleas "to conclude, by a preponderance of the evidence," that the defendant committed a state offense).

Slaton's alternative argument that the district court erred when it failed to take his evidence of innocence into consideration for purposes of mitigation is similarly without merit.  Contrary to Slaton's argument on appeal, the district court did consider his evidence for sentencing purposes—the court simply found the evidence unpersuasive.  The district court therefore did not abuse its discretion when it sentenced Slaton to twenty-two months after considering all the relevant 18 U.S.C. § 3553(a) factors.[4]

## IV.

Though neither party has raised the issue, it appears the judgment erroneously reflects that Slaton was convicted of violating 13 U.S.C. § 641, rather than 18 U.S.C. § 641.  "We may <u>sua sponte</u> raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." <u>United States v. Massey</u>, 443 F.3d 814, 822 (11th Cir. 2006).  Because "[i]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the

---

[4] The government contends Slaton did not preserve this argument for appeal, and that plain error review applies as a result.  Because the result would be the same regardless, we assume for purposes of this appeal that Slaton properly objected to the mitigation issue before the district court.

judgment," we remand for the limited purpose of correcting this clerical error.

United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999).

**AFFIRMED in part, REVERSED in part.**